413 A.2d 424

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Clarence H. LEPPARD, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Filed Oct. 26, 1979.

George A. Bashour, Assistant Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Appellant Clarence Leppard was arrested on February 7, 1977, charged with rape and incest. The charge of rape was dismissed; however, appellant was tried before a jury on June 7, 1977 and was convicted of incest. Post-trial motions were filed and denied, and appeal was taken to our Court from the judgment of sentence. The sole issue for our consideration is whether the lower court erred in admitting into evidence, over defense objection, testimony by the victim concerning prior incestuous incidents.

The victim in the case before us was a young girl at the time the incestuous activity began, was of low intelligence, having reached only the tenth grade in "special education", and had no mother to look to for advice and protection, the mother having died when the girl was thirteen years old. The victim testified at trial that appellant forced her to engage in sexual relations with him on January 26, 1977, and, prior to that, several times a week since the girl was approximately fourteen years old (a period of several years). When asked on direct examination if appellant had ever threatened her, the girl replied that appellant had threatened to put her away in a children's home, where she had been once before. When asked why she didn't leave home, the girl responded that appellant had a bad temper and that she was afraid that he would come after her and "kill" her.

The girl did in fact run away one time prior to January 26, 1977, but was brought back by the police.

In *Commonwealth v. Bell,* 166 Pa. 405, 31 A. 123 (1895), the issue was raised "whether in a prosecution for incestuous fornication it is competent for the Commonwealth to introduce evidence of illicit relations between the parties prior to the commission of the specific offense laid in the indictment." The court held: "If an act is so remote in point of time from the act laid in the indictment that the statute of limitations would protect the participants in it in case of their prosecution for it, it is still admissible if it is one of a series of acts indicating continuousness of sexual intercourse. . . . We conclude therefore that it was proper for the Commonwealth to introduce evidence of prior illicit relations between the parties although such evidence disclosed other indictable offenses of like nature which were barred by the statute of limitations." 166 Pa. at 412, 31 A. at 123, 124. We find *Bell* to be controlling in the case before us.

Judgment of sentence affirmed.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I join in the majority's opinion because I understand it to be in accord with the following comments.

In this case we hold no more than that in a prosecution for incest it is usually "competent for the commonwealth to introduce evidence of illicit relations between the parties prior to the commission of the specific offense laid in the indictment." *Commonwealth v. Bell,* 166 Pa. 405, 411, 31 A. 123, 123 (1895).

In a prosecution for incest, evidence of the defendant's prior lust for the complaining witness is relevant to show that the defendant was possessed with the same lust at the time of the incident. *See* Wigmore on Evidence § 360 (3d ed. 1940). The relevancy of such evidence is premised on the following three-step analysis. First, evidence that a defend-

ant sexually desired the complaining witness at the time of the incident is relevant as tending to show that the defendant acted to realize this desire. Second, evidence that the defendant sexually desired the complaining witness prior to the time of the incident is relevant as tending to show that the defendant possessed the same sexual desire at the time of the incident. Third, evidence of sexual relations between the defendant and the complaining witness shows that the defendant sexually desired the complaining witness at the time those relations occurred. *See Wigmore, supra* §§ 117, 399, 400.

This reasoning is unexceptionable. It is analogous to the reasoning used in a prosecution for assault, to admit evidence of the defendant's prior hostility toward the complaining witness. See *Wigmore, supra* §§ 395–96. The fact that the evidence of the prior emotion (be it hostility or sexual desire) involves criminal conduct does not affect its admissibility. *Wigmore, supra* §§ 216, 398.

I particularly note that the majority's opinion in no way limits or questions either *Commonwealth v. Boulden,* 179 Pa.Super. 328, 116 A.2d 867 (1955), or *Commonwealth v. Bradley,* 243 Pa.Super. 208, 364 A.2d 944 (1976). Those decisions adhere to the principle that in a prosecution for a sexual offense the Commonwealth may not introduce evidence that the defendant committed prior or subsequent offenses against third persons similar to the offense committed against the complaining witness, if its only purpose is to show that the defendant is generally lustful or sexually depraved. It is hornbook law that evidence of prior criminal acts is admissible if "[t]o show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial," McCormick on Evidence § 190 at 449 (Cleary ed. 1972) (footnote omitted); it is also hornbook law that evidence of "[o]ther like sexual crimes with other persons do[es] not qualify for this purpose." *Id.* (footnote omitted). *See also Wigmore, supra* § 402(c) ("The defendant's former *rape* or attempt at rape of a *third person* cannot be treated as indicating a passion or desire for the woman in issue. . . . ." (original emphasis).

In the present case the Commonwealth presented evidence only of incestuous relations between the complaining witness and appellant, on a regular and continuous basis over a period of four years immediately prior to the incident in question. Thus, this case falls squarely within the principles set forth above.

I also note that this is not a case in which otherwise admissible evidence should be excluded because of its prejudicial nature. Given the complaining witness's limited intelligence and the fact that she was the principal witness to the crime,* the probative value of the evidence of her prior incestuous relations with appellant was not outweighed by "the danger that it [would] stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." *McCormick, supra* § 190 at 453–54 (footnote omitted).

With these understandings, I join in the majority's opinion.

---

* A sister of the complaining witness testified that she saw appellant enter a bedroom with the complaining witness, and later saw the top part of him through a window as he was apparently getting off the complaining witness. But this witness, whose testimony was vague, evidently did not directly observe incestuous relations between the parties.