419 A.2d 1233

**COMMONWEALTH of Pennsylvania**

v.

**Richard BUSER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 25, 1980.

Petition for Allowance of Appeal Denied Sept. 30, 1980.

452

Samuel R. Kasick, Assistant Public Defender, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

A jury convicted appellant of rape,[1] statutory rape,[2] corrupting the morals of a minor,[3] and incest.[4] Post–verdict

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3122.

3. 18 Pa.C.S. § 3125.

4. 18 Pa.C.S. § 4302.

motions were denied and appellant was sentenced to one sentence of three to ten years imprisonment for rape and statutory rape, to a consecutive sentence of one to two years imprisonment for corrupting the morals of a minor, and to pay the costs of prosecution on the incest conviction. On this appeal he argues that the lower court erred 1) in allowing the jury to consider improper evidence; 2) in failing to grant his motion to dismiss certain charges; and 3) in imposing an improper sentence.

The charges against appellant arose from his sexual abuse of his minor daughter. The daughter, who was fifteen years old at the time of the trial, described this abuse as follows. Starting when she was eight or nine years old, appellant forced her to commit oral sodomy on him two or three times a week. The family lived in Berks County at that time. After they moved to Lehigh County, when the daughter was thirteen, appellant forced her to engage in sexual intercourse with him several times a week. The daughter testified that she had often complained about appellant's abuse of her to her mother but that her mother did nothing about it. She specifically described one incident that occurred on August 16, 1975. Her mother was not at home and appellant came to her room and demanded sexual intercourse. She refused at first but submitted when he threatened to beat her. She also recalled that one other time appellant struck her when she tried to refuse intercourse. On September 23, 1975, she ran away from home and reported appellant's abuse of her to her maternal grandmother, who the next day informed the police.

–1–

Appellant's first argument is that the lower court erred in permitting the daughter to describe the prior incidents of sexual abuse, especially those that occurred when she was eight or nine years old and living in Berks County.

■ Generally, testimony of other criminal conduct by an accused is inadmissible at trial. *Commonwealth v. Spruill*, 480 Pa. 601, 391 A.2d 1048 (1978); *Commonwealth v. Fuller*, 479 Pa. 353, 388 A.2d 693 (1978); *Commonwealth v. Martin*,

479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Burdell*, 380 Pa. 43, 110 A.2d 193 (1955). There are certain limited exceptions to this rule, however. *See Commonwealth v. Brown*, 482 Pa. 130, 393 A.2d 414 (1978); *Commonwealth v. Spruill, supra.* One exception is that in a prosecution for incest it is "competent for the commonwealth to introduce evidence of illicit relations between the parties prior to the commission of the specific offense laid in the indictment." *Commonwealth v. Bell*, 166 Pa. 405, 411, 31 A. 123, 123 (1895); *Commonwealth v. Leppard*, 271 Pa.Super. 317, 413 A.2d 424 (1979). This exception is limited to evidence of criminal acts that "show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial. Other like sexual crimes with other persons do not qualify for this purpose." McCormick on Evidence § 190 at 449 (Cleary ed. 1972) (footnote omitted). *See Commonwealth v. Leppard, supra* (SPAETH, J. concurring); *Commonwealth v. Bradley*, 243 Pa.Super. 208, 364 A.2d 944 (1976); *Commonwealth v. Boulden*, 179 Pa.Super. 328, 116 A.2d 867 (1955). It does not matter that the prior activities fall without the statute of limitations. *See Commonwealth v. Bell, supra.* Nor does it matter that they were of a different character from those for which the defendant is being prosecuted. *See* Wigmore on Evidence § 399 (3d ed. 1940); *People v. Burke*, 52 Ill.App.2d 159, 201 N.E.2d 636 (1964).

 Since the evidence of appellant's prior sexual abuse of his daughter fit within this limited exception, the lower court did not err in admitting it.

–2–

Appellant's second argument is that the lower court erred in refusing to grant his motion to dismiss certain charges under section 3105 of the Crimes Code, which provided:[5]

5. On May 18, 1976 this section was amended to provide:
Prompt reporting to public authority is not required in a prosecution under this chapter: Provided, however, That nothing in this section shall be construed to prohibit a defendant from introducing

No prosecution may be instituted or maintained under this chapter unless the alleged offense was brought to the notice of public authority within three months of its occurrence or, where the alleged victim was less than 16 years old or otherwise incompetent to make complaint, within three months after a parent, guardian or other competent person specially interested in the victim learns of the offense.

18 Pa.C.S. § 3105.

After the daughter had testified concerning the prior incidents, appellant moved to dismiss all charges concerning any act that had occurred prior to three months before the abuse was reported to police. *See Commonwealth v. Shade,* 242 Pa.Super. 115, 363 A.2d 1187 (1976). Instead of granting this motion the lower court instructed the jury that if they found that appellant had committed the offenses, they must further determine whether any of the offenses had occurred within three months of the complaint to the police. In returning their verdict of guilty, the jurors all signed a special verdict slip stating that they had determined that the act or acts had occurred within three months of the grandmother's complaint to the police.

■ The jury's verdict demonstrates that appellant was not convicted for committing an act not "brought to the notice of public authority within three months of its occurrence," as required by section 3105. Appellant's claim of error under section 3105 is therefore without merit. His argument that the evidence concerning the prior incidents of sexual abuse should have been excluded because those incidents had occurred more than three months before the complaint is merely a restatement of his first argument that the admission of the evidence was error. We have already held that *the evidence of the prior incidents was admissible.* Similarly, in *Commonwealth v. Bell, supra,* the Supreme

evidence of the alleged victim's failure to promptly report the crime if such evidence would be admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3105, *as amended,* May 18, 1976, effective thirty days after amendment.

Court held that the evidence of prior incidents was admissible even though those incidents fell without the statute of limitations.

–3–

Appellant's final argument is that the lower court erred in sentencing him to serve a separate sentence for corrupting the morals of a minor, consecutive to his sentence for rape and statutory rape. In appellant's view, the single act of sexual intercourse testified to by his daughter as having taken place on August 16, 1975, was the basis of both the corruption charge and the rape charge, so that he was improperly twice sentenced for the same criminal act.

■ The question whether one crime merges into another crime for the purposes of imposing sentence must be answered by reference to the facts presented in the individual case. *Commonwealth v. Jackson*, 271 Pa.Super. 131, 137 n. 8, 412 A.2d 610, 613 n. 8 (1979); *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 49, 391 A.2d 662, 667 (1978) (CERCONE, P. J., concurring and dissenting) ("unique facts"). *See Commonwealth v. Olsen*, 247 Pa.Super. 513, 520, 372 A.2d 1207, 1211 (1977); *People v. Bailey*, 55 Cal.2d 514, 360 P.2d 39, 11 Cal.Rptr. 543 (1961); *People v. Moore*, 143 Cal.App.2d 333, 299 P.2d 691 (1956). Whether a merger should be found may involve deciding whether there were one or more acts, and if there were, whether those acts were part of one transaction. *See Commonwealth v. Olsen, citing, Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 106, 21 A.2d 920, 922 (1941). In *Commonwealth v. Cox*, 209 Pa.Super. 457, 228 A.2d 30, *allocatur refused*, 209 Pa.Super. xxxix (1967), for example, this court held that the defendant's convictions for statutory rape and corrupting the morals of a minor merged for the purposes of sentencing because the acts arose out of the same transaction. In so holding, the court decided, after reviewing the record, that the evidence that the defendant had fondled the victim's breasts and kissed her, as well as having had intercourse with her, would not support a separate sentence for corrupting the morals of

a minor because those acts arose out of the same transaction as the act of intercourse. In *Commonwealth ex rel. Madden v. Ashe*, 162 Pa.Super. 39, 56 A.2d 335 (1948), this court decided that there was no merger, finding that "[f]rom the record, as presented to us," 162 Pa.Super. 43, 56 A.2d at 337, it was apparent that the relator had transported explosives with illegal intent on two separate occasions, and that "nothing in the record . . . require[d] a finding," *id.*, that those offenses were not separate and distinct from the relator's entries with intent to commit felony by use of the explosives. Recently, in *Commonwealth v. Morrison*, 265 Pa.Super. 363, 401 A.2d 1348 (1979), an issue very similar to the issue raised by appellant in this case was decided by this court en banc. There the defendants were convicted of both recklessly endangering another person and endangering the welfare of a child. The indictment alleged several incidents in support of the charges, including the defendants' mistreatment of the child's infected sex organ, their striking of the child with a piece of wood, and their inflicting cigarette burns on him. While most of the evidence concerned the mistreatment of the infected organ, and while the verdict did not specifically indicate which incidents formed the basis for which conviction, this court refused to find merger, stating that "[t]aking the case as a whole, the evidence manifested more than the single incident involving the child's infected organ." *Id.*, 265 Pa.Super. at 374, 401 A.2d at 1354.

■ In the present case it is evident that the lower court, in imposing the separate sentences for corruption of the morals of a minor and for rape and statutory rape, took a different view of the record than the view urged upon us by appellant. Specifically, the court, unlike appellant, did not regard the jury's verdict that appellant was guilty of both offenses as based upon the evidence of the single act of sexual intercourse testified to by appellant's daughter as having occurred on August 16, 1975, but rather as based upon that evidence and in addition upon the daughter's testimony that during the three months preceding the

grandmother's complaint to the police, appellant had intercourse with her several times a week. In our opinion, the lower court was amply justified in taking such a view of the record. To be sure, it is theoretically possible that the jury believed only the daughter's testimony about the single act of intercourse on August 16, 1975, and disbelieved her testimony about the other acts. If we knew that that was the jury's view of the evidence, then a finding of merger would follow, for the act of intercourse and the act of corruption would arise from a single transaction. *Commonwealth v. Cox, supra.* However, in deciding whether merger is required, the court is obliged to interpret the verdict not in the light of theoretical possibilities but rather in the light of common sense. Thus in *Commonwealth v. Morrison, supra,* it was theoretically possible that the verdict of guilty was based solely upon the incident of the infected organ, but a common sense view of the record as a whole was that the fact–finder had found that separate incidents had occurred. As Judge VAN der VOORT has observed for this court, "[w]hat may be an ambiguity in the definitions of actions made criminal will not cloud our applying common sense understanding to the facts." *Commonwealth v. Romanoff,* 258 Pa.Super. 452, 460, 392 A.2d 881, 885 (1978). So here, the informations alleged separate incidents, the daughter testified to separate incidents, and the clear import of the verdict was that the jury believed the daughter's testimony that appellant had repeatedly abused her.

 What has just been said is consistent with the rule that the sentence imposed on a criminal conviction must conform to the verdict. *See Commonwealth v. Doman,* 237 Pa.Super. 415, 418 n. 4, 352 A.2d 157, 159 n. 4 (1975); *Commonwealth v. Duitch,* 165 Pa.Super. 187, 67 A.2d 821 (1949). Generally, criminal verdicts "are to have a reasonable intendment and reasonable construction and are not to be avoided unless from necessity." *Commonwealth v. Tomaino,* 168 Pa.Super. 505, 510, 79 A.2d 274, 277 (1951). If the verdict is not responsive to the issues, the court may not engage in conjecture and modify the verdict to reflect what

it thought the jury intended. *Commonwealth v. Komatowski*, 347 Pa. 445, 456, 32 A.2d 905, 910 (1943) (verdict of guilty of murder of third degree cannot be interpreted as a verdict of guilty of voluntary manslaughter). Similarly, if a jury convicts a defendant of one crime and does not specifically rule on another crime alleged in the same indictment the court may not in vacating the conviction of the first crime, assume that the jury would have convicted the defendant of the other crime alleged. *See Hollister v. Commonwealth*, 60 Pa. 103 (1869). Here, the verdict was responsive to the issues; the jury found appellant guilty of all of the crimes charged, and appellant does not attack the verdict. Appellant's only claim is that in deciding whether there was merger the lower court should have interpreted the verdict in a particular way. As we have said, however, we find no error in the court's interpretation; to the contrary, the interpretation was consistent with the court's duty to decide whether there was merger according to the particular facts of the case, as those facts appeared from a common sense view of the record.

Affirmed.