442 A.2d 800
**COMMONWEALTH of Pennsylvania**

v.

**Frank BARANYAI, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1979.

Filed March 12, 1982.

Bruce E. Dice, Pittsburgh, for appellant.

Kemal Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This is not the first time this matter has been before the Superior Court. When it was previously here, an opinion was filed and an order entered which set aside appellant's conviction on a general charge of official oppression but affirmed the judgment of sentence imposed following conviction of a specific assault and act of official oppression by appellant, a policeman, against one Dave Stier. See: *Commonwealth v. Baranyai*, 278 Pa.Superior Ct. 83, 419 A.2d 1368 (1980). In affirming the latter judgment of sentence, we decided, inter alia, that the closing remarks of the prosecuting attorney had not been preserved for appellate review because they had not been recorded and because defense counsel had failed to interpose any objection to the prosecutor's closing argument. Only after the jury had left the courtroom and counsel had adjourned to the trial judge's chambers did counsel complain and move for a mistrial. On allocatur to the Supreme Court, the matter was "remanded to the Superior Court for consideration of the merits of Mr. Baranyai's objections to the closing remarks of the attorney for the Commonwealth at trial."

Following closing arguments of counsel, but prior to the court's jury instructions, counsel retired to the judge's chambers. There, the following occurred:

"MR. DICE [appellant's counsel]: A couple of comments that I believe were highly prejudicial. Mr. Cuebas three times indicated that Baranyai was a 'punk behind a badge.'

"THE COURT: I didn't like that very much either.

. . . .

"MR. DICE:

. . . .

"He called him Buford Puser [sic], Clint Eastwood; that, again, is shocking and prejudicial. 'To get out of town;' and comments about New York—I thought those were highly prejudicial.

. . . .

". . . He mentioned a lot of other people had complained, and I submit to do that calls for this Jury to then speculate into all these other kinds of cases that may have been before some tribunal, be it Council or whatever, not before the Court, and that's highly prejudicial.

". . . You can't comment on where these other complaints are. It's just like saying to the defendant, 'Have you ever been arrested before,' and that's what Mr. Cuebas—

"THE COURT: Wasn't there testimony there had been complaints.

"MR. HERNANDEZ–CUEBAS: Porter said, himself, there had been complaints about Frank.

"THE COURT: So did the Councilman.

"MR. DICE: He referred to me as a tricky defense attorney. That's highly prejudicial. He made reference to 'Gestapo tactics,' 'still his way of doing business,' 'a take charge guy.' Those kind of comments are prejudicial when you put the total closing together. . . .

. . . .

"MR. HERNANDEZ–CUEBAS: . . . I would point out one thing. Mr. Dice had opportunity to object everytime one of these things came up, as I did, and he did not.

"MR. DICE: He indicated Frank said an arrest is as good as a conviction. Officer Baranyai never said that. . . .

. . . .

"So, on the basis of the above—called him a paper hanger, also—that's prejudicial.

"THE COURT: Are they all motions for mistrial?

"MR. DICE: Yes."

Because the closing arguments of counsel were neither recorded nor transcribed,[1] we are unable to ascertain the context in which these alleged remarks were made. Nevertheless, in order to comply with the Supreme Court's mandate, we accept as correct the assertions made by defense counsel and not denied or otherwise explained in chambers by the prosecuting attorney.

Frank Baranyai was a police officer in the Borough of Millvale, Allegheny County. He was charged with and tried for various alleged instances of assault and official oppression, i.e., police brutality. During the trial, the Commonwealth attempted to show that appellant had pursued a course of conduct in which he arrested people without cause, frequently abusing them physically during the course thereof. The defense countered by showing that the arrests had been legal and that the force used, if any, had been necessary to effect the arrest. It was against this background that counsel for the Commonwealth charged that the appellant was a "punk behind a badge," a "Buford Pusser," a "Clint Eastwood," a "paper hanger," who employed "Gestapo tactics."

The Supreme Court has made clear ". . . that the prosecuting attorney enjoys an office of unusual responsibility, and that his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices." *Commonwealth v. Potter*, 445 Pa. 284, 287, 285 A.2d 492, 494 (1971); *Commonwealth v. Toney*, 439 Pa. 173, 180, 266 A.2d 732, 736 (1970). With respect to closing argument by the lawyer for the Commonwealth, the Supreme Court has adopted the rationale of the ABA Standards Relating to the Prosecution Function. See: *Commonwealth v. Starks*, 479 Pa. 51, 56, 387 A.2d 829, 831 (1978).

1. The trial court concluded that appellant had waived his right to object to the allegedly improper remarks by failing to raise objections during the closing argument. Nevertheless, it opined that appellant had not been prejudiced by any of the "alleged comments contained in the prosecutor's argument."

See also: *Commonwealth v. Joyner*, 469 Pa. 333, 365 A.2d 1233 (1976); *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975). These Standards include the following: "(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw. (b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant. (c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury. (d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict." ABA Standards Relating to the Prosecution Function, Section 5.8. See also: *Commonwealth v. Starks*, supra, 479 Pa. at 56, 387 A.2d at 831–832.

Nevertheless, not every intemperate or improper remark by the prosecutor requires a new trial. *Commonwealth v. Jarvis*, 482 Pa. 598, 394 A.2d 483 (1978); *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977). Before a new trial is required, the language must be such that its "unavoidable effect ... would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Mikesell*, 475 Pa. 589, 595, 381 A.2d 430, 433 (1977); *Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975); *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968); *Commonwealth v. Youngkin*, 285 Pa.Superior Ct. 417, 429, 427 A.2d 1356, 1362 (1981). The effect of the prosecuting attorney's remarks, moreover, must depend to a great extent upon the atmosphere of the trial. *Commonwealth v. Jarvis*,

supra, 482 Pa. at 606, 394 A.2d at 487; *Commonwealth v. Stoltzfus,* supra, 462 Pa. at 61, 337 A.2d at 882; *Commonwealth v. Dickerson,* 406 Pa. 102, 110, 176 A.2d 421 (1962). When the cumulative effect of improper remarks so prejudices the jury as to prevent a fair trial, a motion for mistrial must be granted. *Commonwealth v. Youngkin,* supra, 285 Pa.Super. at 429, 427 A.2d at 1362.

■ In the instant case, the prosecuting attorney attempted to stigmatize the appellant by characterizing him as a "punk behind a badge," a "Buford Pusser," a "Clint Eastwood," who used "Gestapo tactics." This was not a proper part of advocacy any more than characterizing a defendant as a "robber" or "rapist," *Commonwealth v. Reynolds,* 254 Pa.Superior Ct. 454, 386 A.2d 37 (1978); as a "hoodlum" and "animal," *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974); or as an "Al Capone," *Commonwealth v. Valle,* 240 Pa.Superior Ct. 411, 362 A.2d 1021 (1976). It was clearly an argument calculated to inflame the passions and prejudices of the jury. Its unfortunate effect was compounded when the prosecuting attorney also took aim at defense counsel and branded him a "tricky defense attorney." Cf. *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Collins,* supra; *Commonwealth v. Long,* 258 Pa.Superior Ct. 312, 392 A.2d 810 (1978). The cumulative effect of these epithets, in a trial on charges of official oppression, was unavoidably to prejudice the jurors so that they could not weigh the evidence rationally and render a true verdict. Appellant, therefore, was denied a fair trial.

We previously vacated the judgment of sentence and arrested judgment on the charge of general official oppression. We now reverse the judgments of sentence entered following appellant's convictions for committing specific acts of assault and official oppression against Dave Stier. On those charges, we now remand for a new trial.

It is so ordered.