566 A.2d 882

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Howard G. KRAMER.**

**COMMONWEALTH of Pennsylvania,**

**v.**

**Howard G. KRAMER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1989.

Filed Nov. 28, 1989.

138

Patricia E. Coonahan, Asst. Dist. Atty., Cheltenham, for Com., appellant (at 3371) and appellee (at 3528).

Marc R. Steinberg, Lansdale, for appellant (at 3528) and appellee (at 3371).

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Howard Kramer was found guilty of rape, indecent assault, and simple assault. He filed post-trial motions in arrest of judgment and for new trial. The motion in arrest of judgment was denied, but the motion for new trial was granted on the ground that the cumulative effect of three of the asserted errors deprived the defendant of a fair and impartial trial. The trial court rejected Kramer's other arguments. The Commonwealth appeals the grant of new trial. Kramer cross-appeals the trial court's rejection of his other arguments. We agree with the decision of the trial court; accordingly, we affirm the judgment and deny the cross-appeal.

 1. During trial of this case, several irregularities occurred. None of these incidents were so prejudicial that they could not be cured by appropriate instructions to the jury. Nevertheless, the trial court found that the cumula-

tive effect of these errors prejudiced the jury against the defendant, thereby depriving him of a fair and impartial trial. The trial court granted a new trial on this ground.

A trial court has broad discretion in deciding whether to grant a motion for new trial, and the court's decision will not be disturbed unless the court abuses its discretion. *Commonwealth v. Bowermaster*, 297 Pa.Super. 444, 444 A.2d 115 (1982). In this case, the trial court's decision to grant a new trial was within its discretion.

The trial court noticed three significant events: an expert witness's statement regarding the victim's credibility, the victim's unsolicited remarks which suggested prior sexual activity between the victim and the defendant, and a prosecutor's question which violated the defendant's fifth amendment rights. The trial court denied motions for mistrial at each instance, finding that cautionary instructions would cure the error. Upon considering the defendant's motion for new trial, the court found that the cumulative effect of these three errors deprived the defendant of a fair and impartial trial.

The issue of cumulative effect of errors has not been addressed specifically by this Court. In the context of prosecutorial misconduct, this Court has found that repeated improper remarks may constitute error, even if isolated remarks do not. *See, e.g., Commonwealth v. Hickman*, 319 Pa.Super. 261, 466 A.2d 148 (1983); *Commonwealth v. Baranyai*, 296 Pa.Super. 342, 442 A.2d 800 (1982). We see no reason not to apply this rule to other types of error.

Where, as here, the trial court determines that the cumulative effect of errors during trial deprived the defendant of a fair and impartial trial, the trial court is within its discretion in ordering a new trial. The trial court was in the best position to determine whether the trial was fair. We are not inclined to dispute the trial court's finding on appeal. Accordingly, we affirm the decision of the trial court.

■ 2. Appellee cross-appeals, asserting that the charges against him should have been dismissed pursuant to Pa.R.Crim.P. 1100. The criminal complaint in this case was filed on December 21, 1987. At that time, Rule 1100 required that trial commence within 180 days. Effective December 31, 1987, Rule 1100 was amended to allow 365 days. Trial began July 11, 1988: after the 180–day period expired, but well within the 365–day period. Appellee asserts that this Court should apply the rule which was in effect when the complaint was filed. We disagree.

This Court has already decided this issue. *Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989); *Commonwealth v. Shaffer*, 387 Pa.Super. 234, 563 A.2d 1270 (1989). In *Palmer*, this Court analyzed the language of Rule 1100, applying the appropriate rules of statutory construction, and concluded that the longer period applies if the 180–day period had not expired before the effective date of the amendment. *Id. Compare with Commonwealth v. Welsh*, 387 Pa.Super. 388, 564 A.2d 233 (1989) (judgment of sentence vacated because 180–day period expired before the effective date of the amendment). Accordingly, appellee's Rule 1100 argument has no merit.

3. Appellee next argues that the trial court erred in denying his motion in limine to suppress evidence of a prior sexual incident between appellee and the victim. We find no error.

■ In general, evidence of prior wrongful acts is not admissible in a criminal trial because such evidence is highly prejudicial. *Commonwealth v. Bryant*, 515 Pa. 473, 476, 530 A.2d 83, 85 (1987). Nevertheless, this state has long recognized a limited exception for sexual offenses. *Commonwealth v. Bell*, 166 Pa. 405, 31 A. 123 (1895); *Commonwealth v. Rodriguez*, 343 Pa.Super. 486, 493, 495 A.2d 569, 573 (1985). Evidence of a defendant's prior sexual relations with the victim is admissible to show passion or propensity for illicit sexual relations with the victim. *Commonwealth v. Buser*, 277 Pa.Super. 451, 419 A.2d 1233 (1980). This exception is similar to the rule in assault, permitting evidence of prior hostility toward the victim.

*Commonwealth v. Leppard,* 271 Pa.Super. 317, 413 A.2d 424 (1979) (Spaeth, J., concurring).

This exception is extremely limited. It applies only when the prior act involved the same victim, *cf. Commonwealth v. Knapp,* 374 Pa.Super. 160, 542 A.2d 546, 556–57 (1988), and only when the two acts are sufficiently connected to suggest a continuing series of conduct, *Commonwealth v. Bell,* 166 Pa. 405, 31 A. 123 (1895); *Commonwealth v. Campbell,* 342 Pa.Super. 438, 493 A.2d 101, 104 (1985).

Appellee correctly notes that this rule has only been applied in cases involving incest. Nevertheless, the rationale of this rule applies equally well, regardless of whether the defendant and victim are related. *See Commonwealth v. Rodriguez,* 343 Pa.Super. 486, 493 n. 3, 495 A.2d 569, 573 n. 3 (1985).

The evidence in question related to sexual acts between the appellee and the victim. These acts occurred four days before the acts charged. Appellee claims that "each and every detail about the assault on November 6, 1987, was exactly the same as the assault on November 10 [the assault charged]." This satisfies the requirements of the sexual acts exception to the rule of prior wrongful acts. Accordingly, the trial court did not err by admitting the evidence.

4. Appellee's remaining arguments have no merit and will be discussed only briefly. Appellee asserts errors in: (a) failure to quash the return of the transcript and informations; (b) failure to strike the jury panel; (c) sequestering appellee's wife; (d) denying mistrial for prosecutorial conduct; (e) failure to read appellee's suggested charge. He further asserts generally that the verdict was contrary to the weight of the evidence and the law.

(a) Appellee asserts that his arrest warrant was not supported by probable cause because of a typographical error in the date of the crime in the second paragraph of the probable cause affidavit. The date was correctly typed in

the first paragraph and on the criminal complaint. The typographical error in the second paragraph of the affidavit does not amount to a substantive defect. In addition, this minor defect concerning a matter never at issue in the proceedings cannot be construed as prejudicial. Furthermore, since the correct date was included on the criminal complaint, any defect in the affidavit was "corrected."

■ (b) Appellee asserts that the trial court erred in failing to strike the entire jury panel due to remarks by one venireman. The prospective juror stated that he had read about the case and "it would raise a doubt in my mind if everything that could be produced as evidence hasn't been produced." N.T. 54, 55. The venireman said nothing about the content of the articles he read or any opinions he may have formed. Under the circumstances, we cannot find that the trial court abused its discretion by refusing to strike the entire panel.

■ (c) Appellee also asserts that the trial court erred in sequestering his wife, a witness for both the prosecution and the defense. The decision to order sequestration is within the sound discretion of the trial court. *Commonwealth v. Bellacchio*, 296 Pa.Super. 468, 442 A.2d 1147 (1982). Appellee's wife testified on matters which another witness described; thus, sequestration was appropriate to prevent her from adjusting her testimony to match that of other witnesses. The trial court did not abuse its discretion.

■ (d) Appellee further asserts that a mistrial should have been granted because of prosecutorial misconduct in closing arguments. There is no record of the closing arguments; however, the trial court and both of the parties agree that the prosecutor discussed "motive to lie." Appellee claims that "to say the Defendant had a 'motive to lie' is the same as saying the 'Defendant is a liar and not to be believed.'" We disagree. A defendant's motives are inferences which may be derived from evidence, and may be

discussed in closing arguments. *See, e.g., Commonwealth v. Johnson,* 516 Pa. 527, 533 A.2d 994 (1987) (prosecutor may argue inferences which relate to the evidence). Therefore, the prosecutor's comments were appropriate, and the trial court committed no error.

■ (e) Appellee claims that the trial court erred in failing to read requested charge number 8. When reviewing a charge, the only issue is whether the area of the law is adequately, accurately, and clearly presented to the jury. *Commonwealth v. Porter,* 300 Pa.Super. 260, 446 A.2d 605 (1982). Instructions must be considered as a whole; error cannot be based on isolated portions. *Commonwealth v. Kelly,* 319 Pa.Super. 204, 465 A.2d 1301 (1983). The requested charge instructs that, where two inconsistent inferences may be drawn from the same evidence, the jury must adopt the inference which points to innocence. We have reviewed the trial court's charge thoroughly and find that the instructions on reasonable doubt, burden of proof, and circumstantial evidence were all adequate and covered substantially the same ground as the requested charge. The trial court did not err in refusing to charge the additional instruction requested by the defendant.

■ (f) Finally, appellee contends that the verdict was against the weight of the evidence and the law. Appellee concedes that the testimony of the victim was sufficient to support a conviction. He contends only that the victim was not credible. The issue of credibility is reserved to the jury, and the jury's findings will not be disturbed on appeal unless they are manifestly erroneous. *Commonwealth v. Daniels,* 281 Pa.Super. 334, 422 A.2d 196 (1980). We have reviewed the victim's testimony and do not find it entirely incredible. Furthermore, we find no indication that the jury's verdict was against the law. Accordingly, we must affirm the trial court's conclusion on this issue.

Judgment affirmed. Cross-appeal denied.