**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James WATTLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 2005.

Filed July 27, 2005.

Maureen C. Coggins, Norristown, for appellant.

Kevin J. McCloskey, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before: MUSMANNO, McCAFFERY, JJ. and McEWEN, P.J.E.

OPINION BY McCAFFERY, J.:

¶ 1 In this appeal *nunc pro tunc,* Appellant, James Wattley, challenges his judgment of sentence entered in the Montgomery County Court of Common Pleas, following his convictions related to the sexual abuse of his daughter. Specifically, Appellant asks us to decide whether the court erred in allowing the Commonwealth to introduce evidence of his conviction for subsequent bad acts from another state. We hold that the trial court properly allowed the testimony concerning Appellant's subsequent conviction and introduction of a certified copy of the judgment and sentence pursuant to Pennsylvania Rule of Evidence 404(b). Accordingly, we affirm.

¶ 2 The relevant facts and procedural history underlying this appeal, as summarized from the trial court opinion, are as follows. On December 13, 1999, Appellant entered into a guilty plea in Texas on the charge of indecency with a child by contact for the last act of sexual abuse he committed against his minor daughter in Texas in June 1996. During the investigation of that crime, the Texas authorities contacted Pennsylvania police regarding allegations that Appellant had sexually abused this

same daughter from 1989 to 1995 while the family was living in Montgomery County, Pennsylvania. On April 9, 2001, the day he was released on parole in Texas, Appellant was arrested on charges for the alleged abuse in Pennsylvania.

¶ 3 Appellant filed an omnibus pre-trial motion seeking, *inter alia*, the suppression of the evidence of his conviction in Texas for subsequent bad acts. Prior to the start of trial, counsel for Appellant also made an oral motion *in limine* seeking to preclude the introduction of the certified record from the State of Texas. The trial court denied both motions. During the Commonwealth's case-in-chief at Appellant's bench trial on November 29, 2001, the trial court allowed Detective Michael Begley to testify concerning the information received from Texas police, which led to the investigation and arrest of Appellant in Pennsylvania. At the close of the Commonwealth's case, the trial court admitted into evidence a certified copy of Appellant's Texas conviction. In the case at bar, Appellant was convicted of involuntary deviate sexual intercourse,[2] indecent assault,[3] and endangering the welfare of children.[4] Appellant filed post-trial motions, which the court denied. On March 26, 2002, the court sentenced Appellant to concurrent terms of imprisonment: five (5) to ten (10) years for the conviction of involuntary deviate sexual intercourse; two and one-half (2½) to five (5) years for the conviction of indecent assault; and two and one-half (2½) to five (5) years for the conviction of endangering the welfare of children. Appellant did not file either post-sentence motions or a direct appeal.

¶ 4 On March 7, 2003, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. The PCRA court appointed counsel, who filed an amended PCRA petition alleging the ineffectiveness of trial counsel for failing to file a direct appeal. On September 26, 2003, upon agreement of the parties, the PCRA court reinstated Appellant's direct appeal rights. This timely appeal followed, wherein Appellant raises the following issues for our review:

A. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE COMMONWEALTH TO INTRODUCE AND COMMENT ON THE APPELLANT'S CONVICTION FOR ACTS THAT OCCURRED SUBSEQUENT TO THOSE FOR WHICH HE WAS ON TRIAL?

B. WHETHER THE COURT ABUSED ITS DISCRETION BY PERMITTING THE COMMONWEALTH TO INTRODUCE AND COMMENT ON THE APPELLANT'S PLEA OF GUILTY TO A SUBSEQUENT BAD ACT?

(Appellant's Brief at 4).

¶ 5 Appellant argues that the trial court abused its discretion by permitting the introduction of evidence of "Appellant's conviction for an incident that occurred subsequent to the acts for which he was on trial; and Appellant's entry of a guilty plea to subsequent charges." (Appellant's Brief at 7). Specifically, Appellant argues 1) that case law has limited the exceptions of Rule 404(b) (pertaining to character evidence) to apply only to admission of evidence concerning *prior* bad acts, and 2) that the evidence in question should not have been allowed in to bolster his daughter's credibility. (*Id.* at 8–9). After meticulous review, we conclude both that the courts have not limited the applicability of

**2.** 18 Pa.C.S. § 3123.

**3.** 18 Pa.C.S. § 3126.

**4.** 18 Pa.C.S. § 4304.

Rule 404(b) as Appellant contends and that relevant and probative evidence which also happens to bolster a victim's credibility *is* nevertheless admissible in certain circumstances.

■■■ ¶ 6 In assessing whether challenged evidence should be admitted, "the trial court must weigh the evidence and its probative value against its potential prejudicial impact." *Commonwealth v. Dillon,* 863 A.2d 597, 601 (Pa.Super.2004) (*en banc*) (quotation omitted). "We must presume that the trial judge, sitting as factfinder, would ignore any potentially prejudicial information and remain objective in weighing the evidence in order to render a true verdict." *Commonwealth v. Thomas,* 783 A.2d 328, 336 (Pa.Super.2001) (citations omitted); *accord Commonwealth v. O'Brien,* 836 A.2d 966, 972 (Pa.Super.2003) (citations omitted), *appeal denied,* 577 Pa. 695, 845 A.2d 817 (2004). The admission or exclusion of evidence is a matter vested in the trial court's sound discretion, and we may reverse the court's ruling only upon a showing of a clear abuse of that discretion. *Dillon, supra; O'Brien, supra* at 968. "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law or an exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Dent,* 837 A.2d 571, 577 (Pa.Super.2003) (quotation omitted). Our scope of review is limited to an examination of the trial court's stated reason for its decision. *Dillon, supra* (citation omitted); *O'Brien, supra* (quotation omitted).

¶ 7 In the case *sub judice,* the trial court stated that the introduction into evidence of the conviction for the abuse in Texas was offered "to establish the sequence of events leading to [Appellant's] arrest for the Pennsylvania crimes and also to underscore the credibility of [the victim's] trial testimony against [Appellant] in detailing all the years of prior abuse that had occurred when the family resided in Pennsylvania." (Trial Court Opinion, dated February 23, 2004, at 5). In response to Appellant's argument that the introduction of the Texas guilty plea conviction was prejudicial, the trial court also noted that during trial, Appellant attempted to introduce the same information. (*Id.* at 6).

■■■ ¶ 8 Even where evidence of other crimes is prejudicial, it may be admitted where it serves a legitimate purpose. *Dillon, supra* at 601. Pursuant to the Pennsylvania Rules of Evidence, these other purposes include, *inter alia,* proving: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) to establish the identity of the person charged.... *Dillon, supra* (quotation omitted); *O'Brien, supra* (quotation omitted); Pa.R.E. 404(b)(2). Rule 404(b) does not distinguish between prior and subsequent acts. *See Edward D. Ohlbaum, Ohlbaum on the Pennsylvania Rules of Evidence* § 404.16 (2004–2005 ed.) (stating "crimes, wrongs, or acts that occur after the offense for which the accused is on trial also may be admitted").

¶ 9 During trial, the Commonwealth explained the relevance and probative value of introducing the Texas conviction as follows:

Commonwealth: ... Pursuant to Title 42.6106,[5] I'm going to present to the

---

5. The relevant statute (Certified exemplifications of records) provides "[w]henever provision is made by law for recording or filing in a public office any document, the record thereof made, and exemplifications of the document lawfully certified, shall be legal evi-

Court—and Counsel has a copy—a certified copy of [Appellant's] conviction and sentence to five years for indecency with a child by contact. Counsel has a copy and I've attached the actual statute from Texas.

The Court: Okay.

Commonwealth: Mark that as Commonwealth Exhibit No. 1, I believe.

Commonwealth: And I would move for its admission.

The Court: Can I see the rule, please[?]

The Commonwealth: 6106, sir.

The Court: What do we have?

The Commonwealth: I'd ask the Court to take note that on page three it's a raised certified seal on the back.

The Court: What are we certifying here?

The Commonwealth: The judgment of sentence that [Appellant] pled guilty to indecency with a child, against his daughter...

The Court: And they sent a copy of the Texas statute with it?

The Commonwealth: They did. And I presented all of that information to defense counsel before trial.

The Court: The purpose of this is what?

The Commonwealth: The purpose of this is pursuant to Pennsylvania Rule of Evidence 404(b), which is Other Acts of the Defendant[,] **to show that he does have a desire for illicit relationships with his own daughter,**... while she was a young woman and that that would [sic]—the Commonwealth believes that [daughter] **established an ongoing course of conduct to support her credibility** testimony [sic] today under oath.

She testified that when they moved back to Stafford, Texas, she was sexually abused by her father[;] his guilty plea is an admission that he did in fact do that.

The Court: An admission that he did it in Texas.

The Commonwealth: In Texas, but it lends support to the fact—and I would offer [it] for her credibility [—] if she didn't lie about [1996] she's not lying about 1990.

The Court: All right, then, it's admitted.

(Notes of Testimony ("N.T."), 11/29/01, at 140–143) (emphasis added).

■ ¶ 10 In a case involving a challenge to the admission of evidence of a prior sexual act, this Court has stated:

> In general, evidence of other wrongful conduct not charged in the information on which the defendant is being tried is inadmissible at trial except in certain limited circumstances. One such exception arises in the prosecution of sexual offenses. Evidence of prior sexual relations between defendant and his or her victim is admissible to show a passion or propensity for illicit sexual relations with the victim. This exception is limited, however. The evidence is admissible only when the prior act involves the same victim and the two acts are sufficiently connected to suggest a **continuing course of conduct.** The admissibility of the evidence is not affected by the fact that the prior incidents occurred outside of the statute of limitations.

*Commonwealth v. Knowles,* 431 Pa.Super. 574, 637 A.2d 331, 333 (1994) (emphasis added).[6] This "lustful disposition" excep-

---

dence in all matters in which the document would be competent evidence." 42 Pa.C.S.A. § 6106.

**6.** Contrary to the opinion expressed by our esteemed colleague in his dissenting state-

ment, we conclude that *Knowles* is still good law. Indeed, "the Pennsylvania Rules of Evidence are neither comprehensive nor complete. The Rules do not invalidate statutes and decisions that address aspects of evidence

tion to the general rule against the admission of evidence of prior or subsequent bad acts has been consistently recognized by our Supreme Court for more than a century. *See, e.g., Commonwealth v. Bell,* 166 Pa. 405, 411–12, 31 A. 123 (1895) (stating "in prosecutions for adultery or for illicit sexual intercourse of any class, evidence is admissible of sexual acts between the parties prior to, or when indicating continuousness of illicit relations, even **subsequent** *to* the act specifically under trial") (emphasis added and quotation omitted); *Commonwealth v. Snyder,* 870 A.2d 336, 343–44 (Pa.Super.2005) (allowing admission of sexually explicit photograph of minor victim as relevant to show a passion or propensity for illicit sexual misconduct by the appellant towards victim); *Commonwealth v. Dunkle,* 529 Pa. 168, 186, 602 A.2d 830, 839 (1992) (determining that evidence of prior sexual misconduct is admissible if it shows a passion or propensity for illicit sexual relations of the defendant towards the victim). "Although evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offense can still show the defendant's **intent** at the time of the prior offense." *Commonwealth v. Collins,* 550 Pa. 46, 56, 703 A.2d 418, 423 (1997), *cert. denied,* 525 U.S. 1015, 119 S.Ct. 538, 142 L.Ed.2d 447 (1998) (emphasis added).

¶ 11 Furthermore, Pennsylvania courts "have long recognized the special significance of evidence which provides [the factfinder] with the *res gestae,* or complete history, of a crime." *Dillon, supra* (citation omitted):

> [T]he trial court is not ... required to sanitize the trial to eliminate all unpleasant facts from ... consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.

*Id.* (quoting *Commonwealth v. Paddy,* 569 Pa. 47, 70, 800 A.2d 294, 308 (2002)). *Res gestae* evidence is of particular import and significance in trials involving sexual assault. *Dillon, supra.* "By their very nature, sexual assault cases have a pronounced dearth of independent eyewitnesses, and there is rarely any accompanying physical evidence. ... [In these] cases the credibility of the complaining witness is **always** an issue." *Id.* (quotation omitted).

¶ 12 Here, Appellant's criminal conduct in Texas was sufficiently connected to the prior criminal conduct in Pennsylvania to permit the challenged testimony of Detective Begley and admission of the conviction into evidence. Moreover, the evidence was relevant to establish Appellant's intent. *See O'Brien, supra* at 970.[7] *See also Collins, supra; Knowles, supra.* Conse-

---

not covered by the new Rules, such as the rules of *corpus delicti,* prompt complaint, and collateral source." ***Edward D. Ohlbaum, Ohlbaum on the Pennsylvania Rules of Evidence*** § 101.06 (2004–2005 ed.); *see also* ***Bernstein, 2005 Pa. Rules of Evidence, Comment 3 to Pa.R.E. 102 (Gann)*** (codified Rules of Evidence do not abrogate prior decisional precedent unless necessary to make a Rule effective).

7. In *O'Brien, supra,* the Commonwealth proffered the evidence as relevant to show a com-

mon scheme, plan or design because multiple victims were involved, thereby requiring a different threshold showing. Instantly, there was only one victim, Appellant's own daughter. The Commonwealth established that the acts in Texas were sufficiently connected to those in Pennsylvania to suggest a continuing course of conduct. *See Knowles, supra.* As a result, the trial court properly exercised its discretion in allowing admission of Appellant's subsequent Texas conviction into evidence.

quently, the trial court properly admitted evidence of the Texas conviction pursuant to Pa.R.E. 404(b) and 42 Pa.C.S.A. § 6106.

¶ 13 Finally, Appellant inartfully suggests that Pennsylvania Rules of Evidence 607, 608, and 609, which apply to Pa.R.E. 404(a)(3) (which pertains to character of a witness) should somehow also apply to the exceptions listed in Pa.R.E. 404(b)(2). Appellant constructs a complaint that the trial court erred in admitting evidence of Appellant's guilty plea to the Texas crime based on his inapposite characterization of the use of this evidence "for impeachment" purposes. (Appellant's Brief at 14–15). Appellant's effort to rely on these Rules is wholly misplaced because they only apply to testimony concerning **witnesses** whose character is challenged at trial. As Appellant never testified at his Pennsylvania trial, this argument fails.

¶ 14 In the case *sub judice,* the evidence proffered by the Commonwealth was relevant to show that Appellant had a continuing propensity for illicit sexual contact with his daughter. *See Knowles, supra.* Further, the testimony provided *res gestae* evidence that was critical to enable the factfinder to be able to evaluate the totality of the evidence and draw accurate inferences therefrom. *See Dillon, supra.* We conclude that the trial court properly admitted evidence of the subsequent conviction. Accordingly, we affirm Appellant's judgment of sentence.

¶ 15 Judgment of sentence affirmed.

¶ 16 McEWEN, P.J.E. files a Dissenting Statement.

---

8. I do agree with the majority that it is of no significance or relevance that the acts at issue were committed subsequent to the criminal conduct which resulted in the instant prosecution.

9. *See:* Footnote 5, *infra.*

## DISSENTING STATEMENT BY McEWEN, P.J.E.:

¶ 1 While the Opinion of the Majority reflects a perceptive analysis and provides a persuasive expression of rationale, I am, most respectfully, compelled to this dissent since I am of the view that under the Pennsylvania Rules of Evidence, the evidence of appellant's conviction in another jurisdiction, for acts which occurred subsequent to the offenses at issue in this trial,[8] was inadmissible under the facts of this case.

¶ 2 The Pennsylvania Rules of Evidence, which were adopted in 1998 by the Pennsylvania Supreme Court to govern questions of admissibility of evidence,[9] provide in relevant part:

(b) Other Crimes, Wrongs, or Acts

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

(2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident.

Pa.R.E. 404(b)(1), (2).

¶ 3 As did the trial court, the Majority relies upon the decision of this Court in *Commonwealth v. Knowles,* 431 Pa.Super. 574, 637 A.2d 331 (1994), wherein a panel of this Court held that "[e]vidence of prior sexual relations between defendant and his or her victim is admissible to show a passion or propensity for illicit sexual relations with the victim." *Id.* at 333.[10] This

---

10. The Majority also cites *Commonwealth v. Dillon,* 863 A.2d 597 (Pa.Super.2004) *(en banc),* and *Commonwealth v. O'Brien,* 836 A.2d 966 (Pa.Super.2003), *appeal denied,* 577 Pa. 695, 845 A.2d 817 (2004), in support of its decision. In my view, those cases are distin-

exception to the general rule of exclusion of "bad acts" evidence has been designated as the "lustful disposition exception." *See: People v. Donoho*, 204 Ill.2d 159, 175–176, 273 Ill.Dec. 116, 788 N.E.2d 707, 717–718 (2003). It merits mention, however, that the *Knowles* decision of this Court has not been cited as authority in Pennsylvania during the eleven years since its 1994 publication. One possible explanation for that lack of echo is the intervening adoption in 1998 by the Pennsylvania Supreme Court of comprehensive Rules of Evidence, in which the Supreme Court, contrary to the approach taken in the Federal Rules of Evidence and by this Court in *Knowles, supra*, chose not to incorporate the lustful disposition exception into the body of law of Pennsylvania evidence. *See:* F.R.E. 413, 414.[11] The result of the ruling of the

Majority, however, effectively accomplishes that incorporation, and, as purposeful and as wise such a holding may be, it is my view that it remains for the Supreme Court to formally amend the Rules or to create a judicial exception to the Rules.[12]

¶ 4 Thus, I would grant the request of appellant for a new trial.

---

guishable from the present case in that the evidence there was offered for different purposes: in *Dillon* the proffered evidence rebutted the defense of lack of prompt complaint, and in *O'Brien* the proffered evidence was introduced to show a common plan or design, and was dependent for its admission upon a threshold showing of a similar fact pattern between the prior crimes and the one at issue.

Here, however, the prosecution presented the evidence of appellant's prior conviction to show, *inter alia*, "that [appellant had] a desire for illicit relationships with his own daughter," N.T. November 29, 2001, p. 142. Such a "desire" is unquestionably a matter of character, or lack thereof, the evidence of which is governed by Pa.R.E. 404, which provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion ...." Pa.R.E. 404(a).

**11.** The Federal Rules of Evidence provide in relevant part as follows:

In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

F.R.E. 413(a).

In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

F.R.E. 414(a).

**12.** The Supreme Court may opt to embrace the holding of *Commonwealth v. Dunkle*, 529 Pa. 168, 602 A.2d 830 (1992)—which was decided more than six years *prior* to the adoption of the Pennsylvania Rules of Evidence— but it seems more likely that the Court would choose to do so by amending the Rules of Evidence rather than pursue a common law approach to evidentiary questions, a course which the adoption of a comprehensive body of rules of evidence was clearly intended to eliminate. *See:* Pa.R.E. 101(a) ("These rules of evidence shall govern proceedings in all courts of the Commonwealth of Pennsylvania's unified judicial system, except as otherwise provided by law."). *Cf: Commonwealth v. Snyder*, 870 A.2d 336 (Pa.Super.2005) wherein this Court affirmed a trial judge's ruling that a Polaroid picture of the child victim, showing the victim in a nude posed state, was relevant, but did not address the admissibility of such photo under Pa.R.E. 404.