J-A15001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICHOLAS DUPREE | |
| Appellant | No. 1636 EDA 2013 |

Appeal from the Judgment of Sentence May 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000172-2010

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JULY 29, 2014**

Appellant, Nicholas Dupree, appeals from the judgment of sentence entered May 13, 2013, by the Honorable Gwendolyn N. Bright, Court of Common Pleas of Philadelphia County.  We affirm.

This case stems from a series of incidents in 2009 during which Dupree repeatedly sexually assaulted his nine-year-old minor daughter, ND. On September 14, 2012, following a jury trial, the jury convicted Dupree of Involuntary Deviate Sexual Intercourse with a Child ("IDSI"), Incest, Corruption of Minors, Indecent Assault, and Aggravated Indecent Assault.[1] On May 13, 2013, the trial court sentenced Dupree to the mandatory minimum 10-20 years' imprisonment for IDSI, a consecutive four to eight

---

[1] 18 PA.CONS.STAT.ANN. §§ 3123(b), 4302, 6301(a)(1), 3126(a)(7) and 3125(a)(1).

years' for aggravated indecent assault,[2] and terms of probation for corruption of minors and incest. The trial court denied Dupree's Motion for Reconsideration of Sentence without a hearing on May 22, 2012. This timely appeal followed.

On appeal, Dupree raises the following issues for our review:

I.     Did not the trial court err in admitting evidence of prior bad acts including, but not limited to both the fact of Mr. Dupree's prior conviction for simple assault and evidence purporting to support a number of charges which were dismissed, involving alleged prior sexual misconduct committed by Mr. Dupree upon his daughter, the complainant in the instant matter?

II.    Did not the trial court further err in admitting hearsay testimony by a former assistant district attorney, Robert Foster, who was improperly permitted to testify extensively regarding hearsay about the complainant's purported state of mind, his opinion that the complainant was truthful, his opinion that children do not make up what was purported to be the substance of the complainant's testimony, and what the alleged facts were in the prior case regarding the complainant, which facts were neither proved, or admitted?

III.   Did not the trial court err in finding that there was no prejudice to Mr. Dupree in the seating of Juror #12, Eugene Epperson, and in denying Mr. Dupree's motion for extraordinary relief?

IV.    Was not the sentence imposed by this [h]onorable [c]ourt excessive under the circumstances, and did not the trial court abuse its discretion in sentencing Mr. Dupree to more than the mandatory minimum, which minimum was more than sufficient to punish Mr. Dupree?

---

[2] Indecent Assault merged with Aggravated Indecent Assault for sentencing purposes.

Appellant's Brief at 4.

Dupree first claims that the trial court erred when it admitted evidence of alleged prior bad acts, in the nature of Dupree's previous guilty plea in 2005 to simple assault against the same victim in this matter as well as testimony regarding the facts surrounding that episode of criminal conduct. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012) (internal citations omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). There are, however, certain notable exceptions to this prohibition:

> One such exception arises in the prosecution of sexual offenses. Evidence of prior sexual relations between defendant and his or her victim is admissible to show a passion or propensity for illicit sexual relations with the victim. This exception is limited, however. The evidence is admissible only when the prior act involves the same victim and the two acts are sufficiently connected to suggest a **continuing course of conduct.** The admissibility of the evidence is not affected by the fact that the prior incidents occurred outside of the statute of limitations.

*Commonwealth v. Young*, 989 A.2d 920, 925 (Pa. Super. 2010) (citation omitted).

Dupree argues, without any further elaboration, that the act to which he pled guilty in 2005 and the instant charges against the same victim "did

not constitute a continuing course of conduct." Appellant's Brief at 10 (citing

**Young**).[3]  We disagree.

> … Pennsylvania courts have long recognized the special significance of evidence which provides [the factfinder] with the *res gestae,* or complete history, of a crime.
>
>> [T]he trial court is not ... required to sanitize the trial to eliminate all unpleasant facts from ... consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.
>
> *Res gestae* evidence is of particular import and significance in trials involving sexual assault. By their very nature, sexual assault cases have a pronounced dearth of independent eyewitnesses, and there is rarely any accompanying physical evidence.... [In these] cases the credibility of the complaining witness is **always** an issue.

**Commonwealth v. Wattley**, 880 A.2d 682, 687 (Pa. Super. 2005)

(internal citations and quotes omitted).

Instantly, Dupree's prior guilty plea to simple assault against the same victim and the factual circumstances surrounding that plea are undoubtedly connected to the current criminal acts against the same victim and clearly suggest a continuing course of conduct.  Although certainly prejudicial, we find no danger that the contested evidence would "stir such passion in the

---

[3] The decision in **Young**, which held prior bad acts for which a defendant has been acquitted are admissible under Rule 404(b), does not support Dupree's claim.  We further note that, contrary to Dupree's assertion otherwise, the prior bad acts with which this Court was presented in **Young** were committed against the same victim as in the prior episode of abuse – not a separate individual.

[finder of fact] as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." ***Commonwealth v. Sherwood***, 603 Pa. 92, 116 n.25, 982 A.2d 483, 498 n. 25 (2009) (citation omitted). Accordingly, we find the trial court properly admitted the evidence of Dupree's prior plea pursuant to Rule 404(b).

In the second issue on appeal, Dupree challenges the trial court's admission of alleged hearsay and inappropriate opinion testimony by former assistant district attorney, Robert Foster.[4] Dupree first argues the former ADA improperly testified that ND was "a very sweet girl," that she was "a pleasure to work with" and that he "really enjoyed meeting her." N.T., Trial, 9/6/12 at 51. Even if we were to find this testimony to be objectionable, the record reveals that Dupree did not raise a contemporaneous objection to this testimony at trial. Accordingly, this claim is waived. ***See Commonwealth v. May***, 584 Pa. 640, 887 A.2d 750, 761 (2005) (holding that the "absence of a contemporaneous objection renders" an appellant's claims waived). Dupree's challenge to testimony regarding the former ADA's opinion that the 2005 case was resolved in a plea deal because ND "was absolutely scared to death to come to court and testify," N.T., Trial, 9/6/12 at 52, is similarly waived due to counsel's failure to lodge a timely and specific objection.

_____

[4] As we have already determined that the trial court properly admitted evidence and testimony regarding the allegations of abuse arising out of the 2005 incident involving ND, we need not address this issue further.

Dupree additionally argues that the former ADA improperly offered his opinion as to ND's credibility on re-direct examination. ***See***, ***e.g.***, ***Commonwealth v. Walker***, --- A.3d ---, 2014 WL 2208139, *12 (Pa. Super., filed May 28, 2014) ("Expert opinion may not be allowed to intrude upon the jury's basic function of deciding credibility.") (citation omitted). Foster testified that when young children like ND speak about "white stuff" coming out of the abuser's penis, they are unlikely to make something like that up because "[t]hey have no idea what that is." N.T., Trial, 9/6/12 at 83. Counsel did not object to this testimony. Regardless, on cross-examination, defense counsel asked Foster whether, in his opinion, ND was truthful. ***See*** N.T., Trial, 9/6/12 at 57. Having "opened the door" to the issue of the victim's credibility, Dupree cannot now claim that further examination of Foster's opinion on ND's credibility on re-direct examination was in error. ***See Commonwealth v. Kruder***, 62 A.3d 1038, 1058 (Pa. Super. 2013) ("Appellant opened the proverbial door and 'cannot complain that the Commonwealth chose to explore further what was behind that door.'").

Dupree next argues that the trial court erred when it denied his Motion for Extraordinary Relief on the basis that juror Eugene Epperson should not have been seated and that Mr. Epperson committed misconduct which prejudiced Dupree's defense. ***See*** Appellant's Brief at 13. Dupree alleges that, unbeknownst to defense counsel, Mr. Epperson worked with Dupree's

mother, Sonja Dupree, and that there was some animosity between the two of them prior to trial.  ***See id***.

> The right to be judged by a fair and impartial jury of one's peers is, of course, firm and well-established. However, the inalterable fact of human frailty requires us to recognize that not every act of juror misconduct warrants the declaration of a mistrial. Only when there has been prejudice to the accused does an act of juror misconduct require the granting of a new trial.

***Commonwealth v. Flor***, 606 Pa. 384, 439, 998 A.2d 606, 639 (2010) (citations omitted).

Applying this standard, the trial court explained its reasoning for denying Dupree's motion as follows:

> The [c]ourt conducted a hearing on appellant's Motion for Extraordinary Relief to consider this issue.  [Sonja Dupree] testified that for a short time she and Epperson worked in the same office at the Domestic Relations Division and that she believed Epperson harbored hostility towards her as a result of matters pertaining to work assignments.

> Throughout the trial [Sonja Dupree] was sequestered and never inside the courtroom.  She did not testify in the case.  The only time she saw Epperson was in the hallway of the courtroom and as Epperson exited and entered the Courthouse.  Epperson was not identified in any way as a juror and [Sonja Dupree] testified that she did not know the purpose for Epperson's being the courthouse.

> Epperson testified that he is a Hearing Officer in the Domestic Relations Division.  He explained that he had minimal contact with [Sonja] Dupree and that during the initial *voir dire* when the names of potential witnesses were revealed he did not recognize her name.  Epperson further stated that [Sonja] Dupree worked with him for a very brief time and that he had no disputes with her over anything.  He stated that he was unaware that [Sonja] Dupree was Appellant's mother.  The [c]ourt found that there was no juror misconduct.  Error was not committed.

Trial Court Opinion, 8/28/13 at 8-9.   We agree with the trial court's sound reasoning and find that Dupree suffered no prejudice as a result of juror Epperson's participation at trial.  Accordingly, a new trial is not warranted.

Dupree's remaining argument on appeal is two-fold.  He first argues that "the Commonwealth did not present to the jury, nor proof beyond a reasonable doubt, facts sufficient to establish any mandatory minimum.  Nor did the jury find those facts, beyond a reasonable doubt."  Appellant's Brief at 15.  Dupree does not elucidate what facts, precisely, were not determined by the jury to have been proven beyond a reasonable doubt.  Moreover, this issue was not included in Dupree's Rule 1925(a) Statement of Errors Complained of on Appeal.  Ordinarily, such failures would result in waiver of Dupree's claim on appeal.  *See Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013) (finding undeveloped claim to be waived); *Commonwealth v. Carpenter*, 955 A.2d 411, 415 (Pa. Super. 2011) ("It is well established that an appellant's failure to include claims in the court-ordered 1925(b) statement will result in a waiver of that issue on appeal.").  However, because the application of a mandatory minimum sentence gives rise to illegal sentence concerns, which are non-waivable, we will proceed to address this issue on the merits.  *See Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013).

Dupree was convicted of Involuntary Deviate Sexual Intercourse with a Child, 18 PA.CONS.STAT.ANN. 3123(b).  Dupree was sentenced to the mandatory minimum sentence pursuant to 42 PA.CONS.STAT.ANN. § 9718(d),

which provides for a mandatory term of 10 years' imprisonment for a person convicted under 18 Pa.Cons.Stat.Ann. § 3123, where the victim is under 16 years of age. His argument suggests that the fact necessary to support the mandatory minimum – that the victim, ND, was under 16 years of age – was not determined by a jury or proven beyond a reasonable doubt in violation of the United States Supreme Court's decision in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151, 186 L.E.2d 314 (2013).

> According to the *Alleyne* Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

*Watley*, 81 A.3d at 117-118.

Here, the record undoubtedly establishes that the jury did find beyond a reasonable doubt that the victim was under 16 years of age. The trial court specifically instructed the jury that in order to find Dupree guilty of IDSI with a child, indecent assault of a child, and aggravated indecent assault of a child, they were required to find, beyond a reasonable doubt, that the victim "was under 13 years of age." N.T., Trial, 9/12/12 at 182-183, 186-188.

In convicting Dupree of these crimes, the jury clearly determined beyond a reasonable doubt that ND was under 13 years of age as instructed.

*Commonwealth v. Arrington*, 86 A.3d 831, 845 n.11 (Pa. 2014) ("The law presumes that the jury will follow the instructions of the court.") (citation omitted). Accordingly, we find the fact triggering the application of the mandatory minimum in this case was properly determined by the jury and therefore the sentence was not in error.

Dupree alternatively argues that his sentence was excessive in violation of the mandates of 42 PA.CONS.STAT.ANN. § 9721. *See* Appellant's Brief at 5, 15. Dupree does not describe the manner in which his sentence ran afoul of the section 9721, or otherwise describe in what manner the sentence was excessive than to blithely suggest the sentence was "not justified by the facts of the case." *Id*. at 15. We find Dupree's argument surrounding this claim to be woefully underdeveloped. Consequently, this claim is waived. *See Delvalle*, *supra*.

Based on the foregoing, we find Dupree's claims of trial court error to be wholly without merit. Accordingly, we affirm Dupree's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/2014