J-S29013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY FITZGERALD | |
| Appellant | No. 1175 WDA 2014 |

Appeal from the PCRA Order May 27, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0015801-2010

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 16, 2015**

Appellant, Anthony Fitzgerald, appeals *pro se* from the order entered May 27, 2014, by the Honorable Jill E. Rangos, Court of Common Pleas of Allegheny County, which denied Fitzgerald's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A panel of this Court previously summarized the history of this case as follows.

> On September 9, 2010, Fitzgerald was serving customers at a makeshift convenience store located at 6502 Shetland Street in Pittsburgh, at which he was employed. Around 11:00 P.M., Duncan Plowden ("Plowden"), a regular customer, approached the store's sliding glass service window and punched Fitzgerald in the face. Fitzgerald then shot Plowden in the chest, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Plowden ultimately died from this wound. The police subsequently arrested Fitzgerald and charged him with the aforementioned crimes. Following a jury trial, Fitzgerald was found guilty of third-degree murder and persons not to possess firearms. On September 26, 2011, the trial court sentenced him to 20 to 40 years of incarceration for third-degree murder and to a concurrent term of 60 to 120 months for the firearms violation.

*Commonwealth v. Fitzgerald*, 1744 WDA 2011 at 1-2 (Pa. Super., filed July 5, 2013) (mem. op.), *appeal denied*, 79 A.3d 1097 (Pa. 2013). On appeal, this Court affirmed Fitzgerald's judgment of sentence and our Supreme Court denied allocatur. *See id*.

Fitzgerald filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. Appointed counsel filed a Motion to Withdraw as Counsel and an accompanying "no merit" letter. The PCRA court issued notice of its intent to dismiss the PCRA petition, granted counsel's motion to withdraw, and subsequently dismissed the petition. This timely *pro se* appeal followed.

Fitzgerald raises the following issues for our review:

1. Did trial counsel render effective assistance of counsel by failing to object to or request a cautionary instruction regarding testimony of prior bad acts?

2. Did trial counsel render effective assistance of counsel for failing to present evidence in support of voluntary manslaughter under a heat of passion theory?

3. Was trial counsel ineffective for not presenting an expert witness on the effects of a concussion?

4. Did trial counsel render ineffective assistance for failing to impeach a witness with prior inconsistent statements i.e (witness Lilisa Byrd)?

- 2 -

5. Whether all prior counsel were ineffective for failing to present all of the above claims of errors to the trial court, the Superior [C]ourt, and the PCRA court; and the cumulative effective of the errors did prejudice the PCRA petitioner/Appellant?

Appellant's Brief at 2.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

As this Court has repeatedly stated,

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from

- 3 -

counsel's act or failure to act. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (2011).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012).

Fitzgerald first claims that trial counsel was ineffective for failing to object to or request a cautionary instruction regarding evidence of alleged prior bad acts, in the nature of Lilisa Byrd's[2] testimony that Fitzgerald was a chronic crack cocaine user and was a jealous, physically and verbally abusive partner. *See* Appellant's Brief at 12. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012) (internal citations omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See* Pa.R.E. 404(b); *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted).

Instantly, the PCRA court determined that Ms. Byrd's testimony was admissible under the *res gestae* exception to Rule 404(b). *See* PCRA Court

_____

[2] Ms. Byrd, who was Fitzgerald's fiancée, was present at the time the shooting occurred.

- 4 -

Opinion, 11/12/14 at 8. "Pennsylvania courts have long recognized the special significance of evidence which provides [the factfinder] with the *res gestae*, or complete history, of a crime." ***Commonwealth v. Wattley***, 880 A.2d 682, 687 (Pa. Super. 2005) (citation omitted).

> [T]he trial court is not ... required to sanitize the trial to eliminate all unpleasant facts from ... consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.

*Id*. (citation omitted). Rule 404(b)(3), however, mandates that other crimes, wrongs, or acts evidence "may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E., Rule 404(b)(3). ***See also Russell***, 938 A.2d at 1092.

We agree that Ms. Byrd's testimony was properly admissible as part of the *res gestae* of the crime. Ms. Byrd testified that, immediately prior to the shooting, Fitzgerald's facial expression was somewhat distorted and he appeared to be twitching—symptoms she recognized from prior occasions on which Fitzgerald had smoked crack. ***See*** N.T., Jury Trial, 5/3/11 at 132. Ms. Byrd also testified that when the victim asked Ms. Byrd whether she was okay, Fitzgerald became incensed at the thought that the victim was interested in a sexual relationship with Ms. Byrd. ***See id***. at 134. Several moments later, Fitzgerald shot the victim. ***See id***. at 136. Ms. Byrd's testimony that Fitzgerald had a history of crack cocaine use and was both jealous and abusive in their relationship not only provided a context for the

crime that occurred, but also provided permissible insight into Fitzgerald's state of mind. Accordingly, as we find the trial court properly admitted Ms. Byrd's testimony pursuant to Rule 404(b), Fitzgerald's underlying claim lacks merit.

Fitzgerald next claims that trial counsel was ineffective for failing to request a voluntary manslaughter jury instruction. *See* Appellant's Brief at 17. In sum, Fitzgerald alleges that he suffered a concussion because of the blow he received from the victim, which he contends rendered him incapable of "cool reflection," thus negating a finding of malice. Appellant's Brief at 20. Fitzgerald provides no evidence, medical or legal, to support the novel theory that he was medically incapable of acting with malice. Fitzgerald further fails to verify that he indeed sustained a concussion immediately prior to the shooting as claimed. Correspondingly, Fitzgerald fails to establish that there is merit to the argument underlying his claim of ineffectiveness. Accordingly, this claim fails.

In his next, related claim, Fitzgerald contends counsel was ineffective for failing to call an expert witness on "the effects of a concussion." Appellant's Brief at 24. Here, Fitzgerald must show that the outcome of the proceedings would have been different had counsel called an expert medical witness. However, Fitzgerald again fails to offer any evidence to establish that he sustained a concussion in the first instance, the manner in which expert medical testimony would inure to his benefit, or, aside from mere speculation, the relevance of such testimony to his defense. We note

"counsel cannot be considered ineffective for failing to pursue a frivolous claim." **_Commonwealth v. Sepulveda_**, 55 A.3d 1108, 1133 (Pa. 2012). Therefore, Fitzgerald cannot maintain an ineffectiveness claim on this basis.

In Fitzgerald's fourth claim of ineffectiveness, he asserts that trial counsel failed to impeach Ms. Byrd with prior inconsistent statements and other testimony at trial. Fitzgerald details a litany of alleged discrepancies between Ms. Byrd's initial statement to police and her trial testimony. **_See_** Appellant's Brief at 40-49. Fitzgerald altogether fails to establish the manner in which he was prejudiced by these alleged discrepancies, or show that the outcome of the proceedings would have been different had counsel impeached Ms. Byrd's testimony with her prior inconsistent statements. Therefore, Fitzgerald fails to establish counsel's ineffectiveness.

Fitzgerald's final argument asserts that all prior counsel were ineffective for failing to present the above allegations of ineffectiveness. As we have already determined that Fitzgerald's ineffectiveness claims lack merit, this claim must also fail.

Accordingly, having found no merit in the issues on appeal, we will affirm the order below.

Order affirmed.


Judgment Entered.

- 7 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/16/2015</u>