J-S48009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA M. AGUDIO JR. | : | |
| | : | |
| Appellant | : | No. 1195 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 17, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0007119-2021

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 24, 2025**

Appellant, Joshua M. Aguido, Jr., appeals *nunc pro tunc* from the November 17, 2022, judgment of sentence imposing life imprisonment for first degree murder.  We affirm.

The record reveals that Appellant had an ongoing feud with co-defendant Edwin Islas-Cruz because several of Islas-Cruz's friends implicated Appellant in an unrelated matter involving the unlawful purchase of a firearm.  Appellant and Islas-Cruz traded barbs via social media until the dispute culminated in a shoot-out on Astor Street in Norristown, Pennsylvania.  The victim, Barry Fields, an innocent bystander, was caught in the crossfire and killed by a single gunshot wound to the head.  Appellant was arrested in Philadelphia on September 29, 2021, eleven days after the shooting.  The Commonwealth proceeded against him on a theory of transferred intent first-

degree murder.[1]  Appellant and Islas-Cruz were tried together in a four-day trial beginning on November 14, 2022.  On November 17, 2022, a jury found Appellant guilty of first degree murder.[2]  Immediately thereafter, the trial court imposed a sentence of life imprisonment without parole.  This timely appeal followed.

The sole issue before us is the trial court's denial of Appellant's pretrial motion to exclude from evidence a video from Appellant's Instagram which shows Appellant brandishing a handgun and concludes with Appellant asking Islas-Cruz to Facetime him.  The video was posted approximately three hours after the shooting.  Appellant argues that the video was irrelevant and unfairly prejudicial because Appellant did not dispute his identity as one of the shooters, and because the shooting happened before the video was posted.

The admissibility of evidence is committed to the sound discretion of the trial court; we will reverse only if the trial court abused its discretion. *Commonwealth v. Hernandez*, 230 A.3d 480, 489 (Pa. Super. 2020).  "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

---

[1]  18 Pa.C.S.A. §§ 303, 2502(a).

[2]  The jury also found Islas-Cruz guilty.  Islas-Cruz appealed and this Court affirmed the judgment of sentence on October 30, 2023.  *Commonwealth v. Islas-Cruz*, 3100 EDA 2022.

support so as to be clearly erroneous." ***Commonwealth v. Johnson***, 42 A.3d 1017, 1027 (Pa. 2012), *cert. denied*, ***Johnson v. Pennsylvania***, 569 U.S. 922 (2013). When the trial court provides a statement of its reasoning for its evidentiary ruling, our scope of review is limited to the trial court's statement. ***Commonwealth v. Minerd***, 753 A.2d 225, 229 (Pa. 2000).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. The trial court may exclude relevant evidence if its probative value is outweighed by the danger of unfair prejudice. Pa.R.E. 403. Rule 404 governs the admissibility of other acts, such as Appellant's Instagram video, posted three hours after Fields' murder, showing himself waving a gun. Such evidence is not admissible to prove Appellant's character, or to prove that he acted in accordance with the depicted character in this case. Pa.R.E. 404(b)(1). Other acts evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). The list in Rule 404(b)(2) is not exhaustive. Other acts are admissible, for example, as *res gestae*, to complete the story of the crime. ***Commonwealth v. Crispell***, 193 A.3d 919, 936 (Pa. 2018). That is, an act may be admissible to demonstrate the natural development of events. ***Id.*** (citing ***Commonwealth v. Weiss***, 81 A.3d 767, 798 (Pa. 2013)).

Further, Rule 404(b) can be applied to acts that occur after the commission of the crime. ***Commonwealth v. Wattley***, 880 A.2d 682, 687 (Pa. Super. 2005), *appeal dismissed*, 924 A.2d 1203 (Pa. 2007). "Although evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offense can still show the defendant's **intent** at the time of the prior offense." ***Id.*** (quoting ***Commonwealth v. Collins***, 730 A.2d 418, 423 (Pa. 1997), *cert. denied*, 525 U.S. 1015 (1998)) (emphasis added in ***Wattley***).

We turn now to the trial court's explanation for admitting the video in question:

> At trial, through the testimony of Lieutenant [William] Mitchell, the Commonwealth introduced evidence of [Appellant's] social media account. All of the videos were played in the context of the Lieutenant's testimony about Islas-Cruz's social media account and [Appellant's] social media account. Through his testimony, the Commonwealth was demonstrating the unfolding of the dispute between Islas-Cruz and [Appellant], starting from when [Appellant] posted discovery from his illegal straw purchase gun case and calling Islas-Cruz's friends rats. As evidence from the social media postings, the dispute escalated over time.

> More specifically, to put the disputed video in context of the lieutenant's testimony, on September 16[, 2021, Appellant] had a conversation with Miguel Torres's account. That conversation seemed to refer to Islas-Cruz, wherein [Appellant] stated, 'We gotta take him down.' [Appellant] knew Islas-Cruz was in Norristown and that he had a gun. At this point, Lieutenant Mitchell testified to a video from September 17[, 2021,] at 6:20 p.m., wherein [Appellant] was in an Instagram Live video with a silver gun and was rapping about 'getting back in blood.' The Lieutenant continued to testify as to the social media evidence, and in particular, as to the video at issue, the September 18[, 2021,] Instagram Live video taken at 8:53 p.m., about three and a half hours after the murder. In that video, [Appellant was seen

- 4 -

waving around a gun. At the end of the video, [Appellant] said, 'FaceTime me.' At about 9:33 p.m., there was a video call between [Appellant's] account and Islas-Cruz's account that lasted 32 seconds.

These videos admitted into evidence told a story, and in particular, the September 18th video taken after the murder completed the natural development of the case. It also went to [Appellant's] motive, intent, and countered his claim of self-defense. It showed that even several hours after the murder, at the time the September 18th video was taken, [Appellant] invited interaction with Islas-Cruz and attempted to provoke him. It showed he wasn't fearful of Islas-Cruz and that he didn't try to shoot him out of fear. For these reasons, the video was properly admitted,. Further, this court provided the jury with a cautionary instruction.

Trial Court Opinion, 5/23/24, at 11-13 (record citations omitted).

This Court has held that a defendant's gun brandishing can be admissible under Rule 404(b)(2). In **Commonwealth v. Green**, 76 A.3d 575 (Pa. Super. 2013), *appeal denied*, 87 A.3d 318 (Pa. 2014), a witness observed the defendant pointing a gun at the eventual victim and threatening her. The incident happened two or three months before the defendant shot the victim. **Id.** at 583. While the prior act did not qualify as *res gestae*, owing to the span of time between it and the shooting, it was relevant to demonstrate the defendant's *mens rea* for the charged offenses. **Id.** at 585.

In **Commonwealth v. Hairston**, 84 A.3d 657, 666 (Pa. 2014), *cert. denied*, 574 U.S. 863 (2014), the trial court admitted evidence that the defendant burned down his house after murdering his wife and son in it, even though the Commonwealth did not charge him with arson. Our Supreme Court concluded that the evidence was properly admitted to demonstrate the

defendant's intent to commit first-degree murder, and for *res gestae* purposes to explain the removal of the victim's bodies from the home and to explain the evidence police recovered from the scene. **Id.** at 665-66.

**Green** and **Hairston** are instructive here. In **Green**, the defendant's brandishing of his weapon at the victim in a prior event was admissible to demonstrate his intent. Similarly, the trial court in this case admitted the Instagram video because it demonstrated Appellant's intent and helped to negate his self-defense theory of the case. And here, as in **Hairston**, Appellant's acts shortly after committing murder were admissible as *res gestae*, to complete the story of the case. Indeed, Appellant's Instagram post was one of a series of social media posts evidencing the ongoing feud between Appellant and Islas-Cruz. Appellant's brandishing a firearm in the video and prompting Islas-Cruz to FaceTime him are actions that undercut Appellant's theory of self-defense and help to demonstrate his intent to murder Islas-Cruz during the gunfight that took Fields's life.

Appellant also argues that the video's probative value was outweighed by its potential for unfair prejudice. We disagree. "The trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." **Hairston**, 84 A.3d at 666. As discussed just above, Appellant's post-murder Instagram post was just one in a series

of social media posts that came into evidence in this case. This post was part of the history and development of this case and therefore was not unfairly prejudicial.

For the foregoing reasons, we discern no abuse of discretion in the trial court's decision to admit Appellant's post-murder Instagram video into evidence. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2025