J. A15009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1260 EDA 2015 |
| | : | |
| JEROME McNEILL | : | |

Appeal from the Order Entered April 6, 2015,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0007632-2014

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 28, 2016**

The Commonwealth appeals from the April 6, 2015 order entered in the Court of Common Pleas of Montgomery County that denied its motion *in limine* to admit other bad acts pursuant to Pa.R.E. 404(b).[1]  After careful review, we reverse.

The record reflects that on or about July 30, 2014, police arrested appellee, Jerome McNeill, and charged him with one count of indecent assault without consent of other.[2]  Appellee's arrest stemmed from an incident that allegedly occurred on July 15, 2014, during the course of appellee's employment as a massage therapist at Hand and Stone Massage.

---

[1] We grant appellee Jerome McNeil's motion for extension to file brief and that brief be considered timely.

[2] 18 Pa.C.S.A. § 3126(a)(1).

On that day, appellee was rendering massage services to the male victim. This was the fifth or sixth massage that appellee had performed on the victim. During the massage, the victim was wearing underwear. While appellee was massaging the victim's upper thighs, appellee reached up inside the victim's underwear and took hold of his penis without the victim's consent. The victim told appellee to stop. Appellee stopped and subsequently told the victim that he was "sorry for any misunderstandings." (Commonwealth's motion *in limine*, 2/23/15 at 1, ¶ 2; *see also* notes of testimony, 4/2/15 at 4.) The record further reflects that throughout the massage, appellee asked the victim if the victim was comfortable with what was going on. (Notes of testimony, 4/2/15 at 4.)

Prior to trial, the Commonwealth filed its motion *in limine* to admit three prior bad acts under the absence of mistake or accident and common plan, scheme, or design exceptions to the general rule precluding the admissibility of prior bad acts under Pa.R.E. 404(b). The trial court subsequently heard oral argument on that motion.

With respect to the first bad act, the Commonwealth alleged that on April 24, 2014, appellee inappropriately touched a woman's genital area while massaging her at Hand and Stone Massage. (Notes of testimony, 4/2/15 at 5.) The woman reported the incident to appellee's superiors who then wrote a formal letter to appellee acknowledging the woman's claim.

Five days after this incident, Hand and Stone Massage provided appellee with training on proper massage techniques. (***Id.***)

With respect to the second bad act, the Commonwealth alleged that on July 11, 2014, just four days before the alleged assault giving rise to this appeal, a female client complained to the manager of Hand and Stone Massage that while appellee massaged her upper thigh, he digitally contacted her genitalia. After the woman rebuffed appellee, he apologized for the "misunderstanding." (Motion ***in limine***, 2/23/15 at 2, ¶ 3; notes of testimony, 4/2/15 at 5-6.) The record further reflects that the incident occurred during the third massage appellee performed on this particular individual. Additionally, as a result of this woman's complaint, Hand and Stone Massage subsequently terminated appellee's employment. (Notes of testimony, 4/2/15 at 15.)

The final bad act allegedly occurred on October 16, 2014, in a Philadelphia hotel where appellee was working as a massage therapist following his termination from Hand and Stone Massage. During this incident, appellee was massaging a female client's upper thighs when he digitally contacted her genitalia and proceeded to digitally penetrate her. This woman reported the incident to Philadelphia police, and police arrested appellee. (***Id.***; ***see also*** motion ***in limine*** at 2, ¶ 4.)

In its motion, the Commonwealth also alleged that the indecent assault of the male victim and the three prior bad acts all occurred in the

confines of a massage room while appellee, in his role as a massage therapist and alone with each paying client, rendered massage services. (Commonwealth's supplemental memorandum of law, 4/2/15 at 3-4.)

Following oral argument, the trial court denied the Commonwealth's motion *in limine*. This timely appeal followed.

The Commonwealth raises the following issue for our review:

> Whether the lower court abused its discretion in denying the Commonwealth's motion *in limine* to admit other act evidence pertaining to three other instances in which [appellee] inappropriately touched a paying customer while working as a massage therapist, where the evidence was admissible to establish an absence of mistake or accident and a common plan, scheme, or design?

Commonwealth's brief at 5.

Preliminarily, we note that because the Commonwealth appeals from a pretrial order denying its motion *in limine*, its notice of appeal must contain a certification that the order will terminate or substantially handicap the prosecution. Pa.R.A.P. 311(d). *See Commonwealth v. Gordon*, 673 A.2d 866, 868 (Pa. 1996) (holding that denial of a motion *in limine* to admit evidence falls within the judicially established rule that the Commonwealth may appeal pretrial orders that substantially handicap the prosecution). Here, the Commonwealth complied with this requirement, and the certification transforms an otherwise unappealable interlocutory order into an appealable one. Therefore, we will review the merits of the Commonwealth's claim.

"On appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion." ***Commonwealth v. Aikens***, 990 A.2d 1181, 1184 (Pa.Super. 2010) (citations omitted). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Id.*** at 1184-1185 (citations omitted).

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2).[3]

---

[3] **Rule 404. Character Evidence; Crimes or Other Acts**

. . . .

**(b) Crimes, Wrongs or Other Acts.**

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive,

> In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Id.* at 1185 (citations to case law omitted).

Although often referred to as "prior" bad acts, subsequent bad acts are also admissible under the exception. *See Commonwealth v. Wattley*, 880 A.2d 682, 687 (Pa.Super. 2005) (reiterating that although evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offense can still demonstrate defendant's intent at the time of the prior offense).

Here, the trial court precluded the Commonwealth from introducing the other bad acts evidence under the absence of mistake exception based on language in this court's opinion in *Commonwealth v. Ross*, 57 A.3d 85 (Pa.Super. 2012) (*en banc*), *appeal denied*, 72 A.3d 603 (Pa. 2013). Specifically, the trial court cites *Ross* for the proposition that this court

---

> opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
>     . . . .

Pa.R.E. 404(b)(1)-(2).

"determined that prior bad acts testimony should not be permitted with regard to intent when a defendant does not raise the affirmative defense of accident or mistake." (Trial court opinion, 9/18/15 at 8, citing to **Ross**, 57 A.3d at 101.) In a footnote, the trial court acknowledges that our supreme court "reject[ed] the notion that proof of absence of accident is admissible only for responsive purposes at least in a homicide prosecution where the victim is unavailable" in **Commonwealth v. Boczkowski**, 846 A.2d 75, 88 (Pa. 2004). (Trial court opinion, 9/18/15 at 8.)

We begin our analysis with a brief summary of **Ross**. In that case, police charged the defendant with first-degree murder and related crimes in connection with the sexual assault and murder of Tina Miller. **Ross**, 57 A.3d at 87. Miller's body was found face down in a lake partially immersed in the water, clad only in a shirt, a dark sweater, and knee-high boots. Miller's hands were duct-taped behind her back, and additional duct tape was around her head, mouth, and arms. Dr. Saralee Funke, the forensic pathologist who performed Miller's autopsy, concluded that Miller died of a combination of drowning and strangulation. **Id.** at 88. Injuries to Miller's body included various abrasions on the legs, buttocks, arms, and face; an abrasion on the right cheek consistent with a blow to the face; and pattern marks on the left breast consistent with a bite. Additionally, Miller's anus and vagina were "massively traumatized." Dr. Funke opined that these

particular injuries were likely inflicted through the use of "a significant amount of force" with a foreign object. *Id.*

The trial court permitted the Commonwealth to introduce the testimony of three of defendant's former girlfriends to prove, among other things, defendant's intent to kill Tina Miller. *Id.* at 99. Each woman testified to various acts of violence that defendant committed against her, including sexual violence. Two of the women testified that defendant had used foreign objects on her during sex. *Id.* at 99-100.

On direct appeal, defendant claimed, among other things, that the trial court abused its discretion by admitting the other bad acts evidence to prove intent to kill Miller. This court, sitting *en banc*, agreed, concluding that intent was not an issue in the case because intent to kill Miller could be inferred under the circumstances. *Id.* at 100. This court stated:

> Given the circumstances surrounding Miller's murder, including the mutilation of the body, the use of duct tape, and the bite mark on her breast, there can be no question that this was an intentional killing. **Ross' only defense was that he was not the perpetrator, and he did not raise any defense of accident, mistake, or lack of required intent. Accordingly, prior bad acts testimony should not have been permitted with regard to intent.**

*Id.* (emphasis added).

Here, based on the emphasized portion of the above-cited language, the trial court concluded that, as a matter of law, when a defendant does not raise the affirmative defense of accident or mistake, prior bad acts testimony

should not be permitted. (Trial court opinion, 9/18/15 at 8.) The language the trial court relies upon, however, only applied to the unique facts of *Ross* and is not a rule of law.

Indeed, eight years prior to our decision in *Ross*, our supreme court held in *Boczkowski* that proof of absence of accident is admissible, at least in first-degree murder prosecutions, despite a defendant's failure to raise accidental death as an affirmative defense. *Boczkowski*, 846 A.2d at 88. Like *Ross*, *Boczkowski* was a first-degree murder case where the defendant did not a raise a mistake or accident defense. Unlike *Ross*, however, the evidence to be adduced at trial in *Boczkowski* raised an inference of mistake or accident that entitled the Commonwealth to introduce prior bad acts evidence to dispel that inference.

In *Boczkowski*, defendant was charged with, and later convicted of, murdering his wife, Mary Ann. *Id.* at 80. On the night of the murder, defendant called paramedics, who arrived at the couple's home to find an intoxicated Mary Ann unresponsive in a hot tub and incapable of resuscitation. *Id.* at 81. The prosecution successfully sought to introduce evidence of defendant's conviction in North Carolina for the murder of his former wife, Elaine. Similar to the circumstances surrounding Mary Ann's death, Elaine died in a bathtub at the couple's home while intoxicated. *Id.* at 83, 88-89. Our supreme court held that the prior bad acts evidence of the circumstances surrounding Elaine's murder and defendant's subsequent

conviction of that murder were properly admitted to dispel the inference that Mary Ann died as a result of an accident. *Id.* at 88-89.

*Bozckowski* is, therefore, distinguishable from *Ross* in that the evidence to be adduced at trial in *Bozckowski* raised the inference that Mary Ann's death could have been an accident. Consequently, even though defendant did not raise the defense of accident, the evidence was properly admitted to dispel the inference of accident.

Here, the very nature of massage raises the inference that appellee might have come into contact with the victim's penis as a result of a mistake or an accident. Additionally, because the victim claims that after appellee pulled the victim's penis, appellee apologized for the "misunderstanding," that evidence suggests that appellee touched the victim's genitalia by mistake. Therefore, even if appellee does not raise the affirmative defense of mistake or accident, the very nature of massage, coupled with appellee's apology for the "misunderstanding" after he allegedly pulled the victim's penis, raises the inference that appellee could have mistakenly or accidentally come into contact with the victim's penis, and it is certainly a matter that the jury might consider during its deliberations. As such, the Commonwealth should not be deprived of dispelling the inference of mistake that will arise on the basis of the evidence to be adduced at trial by production of relevant evidence to demonstrate its absence.

That, however, does not end our analysis on the admissibility of the prior bad acts evidence under the absence of mistake or accident exception. In order for prior bad acts to be introduced under this particular exception, a close factual nexus must exist to sufficiently demonstrate the connective relevance of the prior bad acts to the criminal charge at issue. **Commonwealth v. Sitler**, 2016 Pa.Super. LEXIS 411, at *14 (**en banc**) (Pa.Super. July 26, 2016).

Here, the record reflects that a close factual nexus exists. All acts took place while appellee was rendering massage services to paying clients. Appellee rendered those services while each client lay naked or scantily clad on a massage table in a massage room while alone with appellee. The record reflects that in addition to the assault on the victim, at least two of the three indecent assaults on the others occurred while appellee was massaging the complainant's upper thigh.

The record further reflects that the first assault that occurred on April 24, 2014, resulted in appellee being formally placed on notice and then trained on proper massage techniques. Despite the reprimand and training, appellee carried out two more assaults while rendering massage services at Hand and Stone Massage. The record further reflects that when the victim in this case and the woman who appellee allegedly assaulted on July 11, 2014, rebuffed appellee, appellee apologized for the "misunderstanding." The July 11, 2014 victim will testify at trial that appellee's conduct toward

her was similar to his conduct toward the victim in this case. (**See** motion **in limine**, 2/23/15 at 2, ¶ 4.) The record further reflects that in a prosecution independent of this case, police charged appellee with sexually assaulting a woman on October 16, 2014, while rendering massage services to her in the course of his employment as a massage therapist. Moreover, the four acts occurred during a six-month period and, therefore, are temporally related. Additionally, the first assault involved touching of the genital area; the second involved pulling of the penis; the third involved digital contact with the genitals; and the fourth involved digital penetration. These facts demonstrate an escalation or progression of appellee's conduct.

We are, therefore, constrained to find that the trial court abused its discretion in denying the Commonwealth's motion **in limine** to admit prior bad acts evidence under the absence of mistake or accident exception under Pa.R.E. 404(b)(2) because it misapplied **Ross** and because the record demonstrates that a close factual nexus exists between the prior bad acts and the act giving rise to this appeal.

We additionally address the Commonwealth's contention that the trial court abused its discretion when it precluded the prior bad acts evidence under the common plan, scheme, or design exception. Common scheme evidence is admissible "where the crimes are so related that proof of one tends to prove the others." **Commonwealth v. Elliott**, 700 A.2d 1243, 1249 (Pa. 1997).

Here, the trial court explained its reasons for denying the Commonwealth's motion under the common scheme exception, as follows:

> . . . [T]he Commonwealth failed to present evidence of shared details to show a "common scheme, plan or design" embracing the commission of the crimes so related to each other that proof of one tended to prove the others. [Appellee], a male, worked as a massage therapist, providing massages to several clients each day. As [appellee's counsel] argued, asking the client if they are comfortable is part of a masseu[r]'s training. The Commonwealth's proffered evidence of alleged uncharged inappropriate touching with two nondescript female clients, of which at least one was a returning client, a subsequent charged sexual assault of a third nondescript female client at another location, does not form a "close factual nexus sufficient to demonstrate the connective relevance of prior bad acts to the crime in question" against a 64-65 year old male returning client who was lying on his back wearing underwear.

Trial court opinion, 9/18/15, at 16-17.

We are constrained to conclude that the trial court abused its discretion in denying the Commonwealth's motion *in limine* to admit prior bad acts evidence under the common scheme exception set forth in Pa.R.E. 404(b)(2) because it disregarded the evidence that demonstrated a common scheme and based its denial of the motion on three insignificant factual dissimilarities: the female clients were "nondescript"; two of the three prior bad acts occurred at Hand and Stone Massage, and the other occurred at a hotel; and the victim in this case was a 64- to 65-year-old

man who was on his back and wearing underwear when the assault occurred.

The record reflects that there is significant, relevant evidence that demonstrates a relationship between all four acts. All acts occurred while each complainant was alone in a massage room while naked or scantily clad with appellee for the purpose of receiving professional massage services; appellee was performing those services when appellee made contact with each complainant's genitalia; three of the four complainants, including the victim in this case, claim that the assaults occurred when appellee was massaging their upper thigh; when rebuffed or told to stop, appellee apologized for the "misunderstanding"; appellee touched the genitalia of each complainant without consent; and the facts surrounding each incident suggest an escalation or progression of appellee's conduct. These record facts demonstrate that the four acts are so related that proof of one tends to prove the other.

To summarize, we conclude that the trial court abused its discretion in denying the Commonwealth's motion *in limine* to admit prior bad acts evidence under the absence of mistake or accident exception under Pa.R.E. 404(b)(2) because it misapplied *Ross* and because the record demonstrates that a close factual nexus exists to sufficiently demonstrate the connective relevance between the prior bad acts and the act giving rise to this appeal. We further conclude that the trial court abused its discretion

in denying the Commonwealth's motion *in limine* to admit prior bad acts evidence under the common scheme exception set forth in Pa.R.E. 404(b)(2) because it disregarded the evidence that demonstrated a common scheme and based its denial of the motion on three insignificant factual dissimilarities. Finally, because the trial court never balanced the probative value of the prior bad acts evidence against its prejudicial impact, we do not reach that issue and direct the trial court to make that determination on remand.

Order reversed. Appellee's motion for extension of time to file brief is granted. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016