J-S02043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED ADAMS-SMITH | : | |
| | : | |
| Appellant | : | No. 4080 EDA 2017 |

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003263-2013

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 14, 2020**

Rasheed Adams-Smith appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

When disposing of Adams-Smith's direct appeal, this Court summarized the pertinent facts and partial procedural history as follows:

> On April [4], 2014, following trial before the [trial court] and a jury, [Adams-Smith] was convicted of rape of a child under the age of thirteen, involuntary deviate intercourse [("IDSI")] with a child under the age of thirteen, indecent assault of a child under the age of thirteen, and indecent exposure.
>
> At trial, the Commonwealth presented evidence that [Adams-Smith] - a close friend of the victim's family - began improperly touching the victim (A.G.) at a time when A.G. was approximately five (5) years old and [Adams-Smith] was a teenager. [At the time of trial, A.G. was ten (10)

years old and Adams-Smith was twenty (20).] This improper contact continued over a period of years, beginning with repeated touching by [Adams-Smith] of A.G.'s bare buttocks and ultimately escalating to, [*inter alia*], [Adams-Smith] exposing himself and masturbating to ejaculation  in front of A.G.  and repeatedly penetrating A.G.'s anus with [his] penis. A.G. testified that these anal penetrations occurred "too many times to count."

[Adams-Smith] was charged with and convicted of crimes he committed after his eighteenth birthday, specifically the period between 2011 and September 2012. Evidence of [Adams-Smith's] earlier improper conduct with [A.G.] was admitted - upon the Commonwealth's motion - solely to provide the jurors the complete background and history of the case.

On August 1, 2014, [Adams-Smith] appeared before the [trial court] for a hearing to determine whether [he] would be classified as a sexually violent predator [("SVP")]. Following hearing, the [trial court] accepted the recommendation of the Sexual Offenders Assessment Board and determined that [Adams-Smith] was, in fact, [an SVP].

The case then proceeded immediately to sentencing. Following hearing, the [trial court] imposed a standard range sentence of not less than ten (10) nor more than twenty (20) years['] imprisonment on [Adams-Smith's] conviction for rape of a child. The [trial court] imposed a consecutive standard range sentence of not less than ten (10) and not more than twenty (20) years['] imprisonment on [his] conviction for [IDSI] with a child. The [trial court] further imposed a concurrent sentence of not less than one (1) nor more than two (2) years['] imprisonment on [Adams-Smith's] conviction for indecent assault, and a sentence of two (2) years['] probation on his conviction for indecent exposure.

[Adams-Smith] thus received an aggregate sentence of not less than twenty (20) nor more than forty (40) years['] imprisonment, with the [trial court] explaining the reasons for the sentences imposed at some length on the record.

*Commonwealth v. Adams-Smith*, 134 A.3d 503 (Pa. Super. 2015), unpublished memorandum at 2-3 (footnote omitted).

At sentencing, the trial court also notified Adams-Smith of his requirement to register and report for life as a Tier III sexual offender and SVP under the Sexual Offender Registration and Notification Act ("SORNA"). Adams-Smith filed a timely appeal to this Court. In an unpublished memorandum filed on November 24, 2015, we affirmed Adams-Smith judgment of sentence. *Adams-Smith*, *supra*. Adams-Smith did not seek further review.

Adams-Smith timely filed a *pro se* PCRA petition on November 18, 2016, and the PCRA court appointed counsel. On July 7, 2017, PCRA counsel filed a "Petition for Permission to Withdraw as Counsel" on July 7, 2017, to which he attached a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). Adams-Smith filed a *pro se* response to PCRA counsel's filing. On October 23, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Adams-Smith's PCRA petition without a hearing. In addition, the PCRA granted PCRA counsel's request to withdraw. Adams-Smith filed a timely response. By order entered November 22, 2017,

the PCRA court dismissed Adams-Smith's PCRA petition. This timely appeal followed.[1]

Adams-Smith raises the following issues on appeal:

1. Whether [Adams-Smith] is entitled to a new trial or dismissal of the charges where trial counsel was ineffective for failing to conduct a proper cross-examination of Commonwealth witness Dr. [Philip] Scribano [and] move to strike his testimony as non-relevant pursuant to [the Pennsylvania Rules of Evidence?]

2. Whether [Adams-Smith] is entitled to a new trial or dismissal of the charges where trial counsel was ineffective for failing to present any counter arguments prior to or during, or failing to object to the [C]ommonwealth's introduction at trial of prior bad acts[?]

3. Whether [Adams-Smith] is entitled to a new trial or dismissal of the charges were trial counsel was ineffective for failing to pursue pretrial interview to explore the taint of [A.G.] in accordance with 42 Pa.C.S.A. §5985.1 & Pa.R.E. 601[?]

---

[1] In an opinion filed on May 7, 2019, this Court originally granted Adams-Smith post-conviction relief insofar as we found his registration and notifications requirements pursuant to SORNA were illegal in light of our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and that his classification as an SVP was illegal in light of this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017). **See Commonwealth v. Adams-Smith**, 209 A.3d 1011 (Pa. Super. 2019). Our **Butler** decision was later reversed by our Supreme Court. **See Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020) ("**Butler II**"). By *per curiam* order entered on September 1, 2020, our Supreme Court granted Adams-Smith's petition for allowance of appeal and remanded this matter for reconsideration in light of **Butler II**.

4. Whether [Adams-Smith] is entitled to a new trial or dismissal of the charges due to the cumulative nature of the errors in this case.

5. Whether the PCRA court erred as a matter of law, when it dismissed the PCRA Petition without a hearing[?]

Adams-Smith's Brief at 2 (reordered for ease of disposition).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

**(a) General rule.** **T**he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Id.** If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006) (holding appellant waived issue on appeal where he failed to support

claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review).

Instantly, Adams-Smith did not properly develop his argument section for his first appellate issue, concerning the Commonwealth's expert witness, Dr. Scribano. He notes several reasons why he thinks Dr. Scribano was an unreliable witness, but Adams-Smith does not discuss how this relates to ineffective assistance of counsel or cite to relevant case law. *See* Pa.R.A.P. 2119(a). We decline to make Appellant's argument for him. *See Hardy*, *supra*. Accordingly, Adams-Smith waived his first appellate issue regarding Dr. Scribano's testimony. *See In re R.D.*, *supra*; *Gould*, *supra*.[2]

Adams-Smith essentially asserts that the PCRA court improperly relied on counsel's *Turner*/*Finley* no-merit letter when the court dismissed his PCRA petition without an evidentiary hearing.[3] In support of this claim,

---

[2] We decline the Commonwealth's assertion that we should quash this appeal because Adams-Smith's remaining issues suffer the same deficiencies. *See* Commonwealth's Brief at 7-11. Although his supporting argument for each consists of one paragraph, we will not quash Adams-Smith's appeal on this basis.

[3] In the argument portion of his brief, Adams-Smith argues that the PCRA court should have allowed him to amend his PCRA petition. *See* Appellant's

Adams-Smith raises three instances when trial counsel was ineffective. In addition, he asserts that these claims of ineffectiveness amount to cumulative error.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa. Super. 2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012); Pa.R.Crim.P. 907.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 950 A.2d 294, 299 n.3 (Pa. 2008). Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel,

_____

Brief at 3-4. Because this claim was not raised in his statement of issues, it is waived. *See generally*, Pa.R.A.P. 2116(a).

a petitioner bears the burden to prove his claims by a preponderance of the evidence. ***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa. Super. 2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id. See also Commonwealth v. Kimball***, 724 A.2d 326, 333 (Pa. 1999). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 84 A.3d 294, 312 (Pa. 2014) (citation omitted). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the...test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" ***Commonwealth v. Pierce***, 645 A.2d 189, 194 (Pa. 1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa. Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some

reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce*, 645 A.2d at 194-95 (internal citations omitted).

Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball*, *supra*], we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 807 A.2d 872, 883 (Pa. 2002) (some internal citations and quotation marks omitted).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests."

*Commonwealth v. Sneed*, 45 A.3d 1096, 1107 (Pa. 2012).

A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.

*Id.* (internal citations and quotation marks omitted). Numerous claims of ineffective assistance of counsel will not cumulatively warrant relief if the claims fail individually. *Commonwealth v. Koehler*, 36 A.3d 121, 161 (Pa. 2012). *See also Commonwealth v. Washington*, 927 A.2d 586, 617 (Pa.

2007) (stating claim of cumulative error fails if individual claims do not warrant relief).

In his second issue, Adams-Smith contends that trial counsel was ineffective for failing to object at trial to the admission of evidence of his prior bad acts, specifically related to Adams-Smith's acts of abuse of A.G., which occurred before his eighteenth birthday.

Questions regarding the admission of evidence are left to the sound discretion of the trial court, and the Superior Court, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion. ***Commonwealth v. Pukowsky***, 147 A.3d 1229, 1233 (Pa. Super. 2016).

Generally, character evidence is not admissible to prove conduct. PA.R.E. 404(a). Pennsylvania Rule of Evidence 404(b) provides, in pertinent part, as follows:

> **(b) Crimes, Wrongs or Other Acts.**
>
> (1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> (3) *Notice in a Criminal Case.* In a criminal the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause

shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b).

However, there are limited exceptions to the admission at trial of evidence of other crimes or prior bad acts, one of which arises in prosecutions for sexual offenses:

> Evidence of prior sexual relations between defendant and his . . . victim is admissible to show a passion or propensity for illicit sexual relations with the victim. This exception is limited, however. The evidence is admissible only when the prior at involves the same victim and the two acts are sufficiently connected to suggest a **continuing course of conduct.** The admissibility of the evidence is not affected by the fact that the prior incidents occurred outside of the statute of limitations.

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (emphasis in original). Evidence that provides the factfinder with the *res gestae*, or complete history, of a crime holds special significance. ***Commonwealth v. Wattley***, 880 A.2d 682, 687 (Pa. Super. 2007). As this Court summarized in ***Wattley***:

> The trial court is not required to sanitize the trial to eliminate all unpleasant facts from consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.
>
> *Res gestae* evidence is of particular import and significance in trials involving sexual assault. By their very nature, sexual assault cases have a pronounced death of independent witnesses, and there is rarely any accompanying physical evidence. [In these] cases the credibility of the complaining witness is always an issue.

***Wattley***, 880 A.2d at 867 (emphasis and citations omitted some formatting altered).

Here, beginning when Adams-Smith was fifteen years old he abused A.G., and the abuse continued over an approximate four-year period. Based on this conduct, the Commonwealth charged Adams-Smith with numerous sexual offenses, which occurred from July 2011 to September 2012, a period of time after Adams-Smith had turned eighteen. Before trial, the Commonwealth filed a motion *in limine* to introduce evidence of Adams-Smith's abuse of A.G., which occurred before Adams-Smith's eighteenth birthday. The court granted the motion *in limine* for the limited purpose of providing the jury with the *res gestae or* a complete history of the case, as well as Adams-Smith's course of conduct. ***Wattley***, ***supra***.[4] The evidence was necessary for the jury to appreciate Adams-Smith's lengthy period of steady grooming and escalation of sexual conduct toward A.G. and to furnish context for the charges actually pending against him.

Moreover, following A.G's testimony, the trial court gave the jury a comprehensive cautionary instruction regarding Adams-Smith's prior conduct. Specifically, the court instructed the jury that the evidence, if believed, was admitted for the limited purpose of the jurors receive the full history of the

---

[4] Although Adams-Smith challenged the trial court's grant of the Commonwealth's motion *in limine,* we found it waived because trial counsel failed to challenge and/or object to the admission of the prior bad acts at trial. ***See Adams-Smith***, ***supra***, unpublished memorandum at 8-9.

case, and that the jury must not consider the evidence as showing that Adams-Smith was a person of bad character. ***See*** N.T., 4/2/14, at 98-99. The trial court reiterated this instruction during its closing charge to the jury. ***See*** N.T., 4/3/14, at 72-73. A jury is presumed to follow the trial court's instructions. ***Commonwealth v. Faurelus***, 147 A.3d 905, 915 (Pa. Super. 2016).

In sum, because any opposition raised by trial counsel would have been meritless, Adams-Smith's ineffectiveness claim fails.

In his third issue, Adams-Smith claims that he is entitled to a new trial or dismissal of the charges because trial counsel was ineffective for failing to pursue a pretrial interview of A.G. Adams-Smith claims trial counsel should have explored whether A.G.'s testimony was tainted, in accordance with 42 Pa.C.S.A. § 5985.1 and Pennsylvania Rule of Evidence 601.

"The general rule in Pennsylvania is that every person is presumed competent to be a witness." ***Commonwealth v. Delbridge***, 855 A.2d 27, 39 (Pa. 2003). "A decision on the necessity of a competency hearing is addressed to the discretion of the trial court." ***Id.***

> A competency hearing concerns itself with the minimal capacity to of the witness to communicate, to observe an event and accurately recall that observation and to understand and accurately recall that observation, and to understand the necessity to speak the truth. A competency hearing is not concerned with credibility. Credibility involves an assessment of whether . . . what the witness says is true; this is a question for the fact finder. An allegation that the [child witness'] memory of the event had been tainted raises a red flag regarding competency, not credibility. Where it

can be demonstrated that a [witness'] memory has been affected so that their recall may not be dependable, Pennsylvania law charges the trial court with the responsibility to investigate the legitimacy of such an allegation.

***Delbridge***, 855 A.2d at 40.

In order to trigger an investigation of competency on the issue of taint, the moving party must show some evidence of taint. Once some evidence is taint is presented, the competency hearing must be expanded to explore this specific question. During the hearing the party alleging the taint bears the burden of persuasion to show taint by clear and convincing evidence. Pennsylvania has always maintained that since competency is the presumption, the moving party must carried under the burden of overcoming that presumption.

***Id.*** ***See also*** 42 Pa.C.S.A. § 5985.1 (providing for *in camera* hearing to determine admissibility of statements by child victims); Pa.R.E. 601 (involving competency of witnesses).

Here, our review of the record establishes that a hearing regarding A.G.'s competency was held and transcribed. ***See*** N.T., 4/1/15. In support of his third issue, Adams-Smith makes no more than bare assertions. Absent specifics, these allegations are mere conjecture and constitute waiver on appeal. His brief fails to support his claims with pertinent discussion, references to the record, and citations to relevant legal authorities. ***Hardy***, ***supra***. Thus, we will not consider it further.

Based upon the foregoing, Adams-Smith's claims of individual ineffectiveness claims are either waived or without merit. Therefore, he cannot succeed on his fourth issue claiming cumulative error. ***Koehler***,

***supra***.[5]  Finally, because Adams-Smith was not entitled to relief, based on the issues raised in his PCRA petition, the PCRA court properly issued Rule 907 notice and denied post-conviction relief without a hearing.  Thus, Adams-Smith fifth issue is without merit.  ***Wah***, ***supra***.  Accordingly, we affirm the PCRA court's decision to deny relief on Adams-Smith's ineffectiveness of counsel claims.[6]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2020

---

[5] In arguing cumulative prejudice, Adams-Smith claims trial counsel was ineffective for failing to advise him of the importance of character witnesses. ***See*** Adams-Smith's Brief at 6.  Once again, as he failed to raise this claim in his statement of issues, it is waived.  Pa.R.A.P. 2116(a).

[6] As noted above, the Pennsylvania Supreme Court remanded this case for reconsideration in light of ***Butler II***.  ***See*** n. 1, ***supra***.  ***See Butler II***, ***supra*** (concluding process for determining SVP status is constitutional); ***Commonwealth v. Lacombe***, ___ A.3d ___, 2020 WL _____ (35 & 64 MAP 2018) (Pa. 2020) (filed July 21, 2020) (holding Subchapter I of SORNA, which applies to defendants who committed their crimes prior to SORNA's enactment, does not constitute criminal punishment; thus there is no *ex post facto* violation).